14047

HANKS v. IVESTER *ET AL.*

(179 S. E., 618)

402

*Mr. L. J. Sherard,* for appellant,

*Mr. Leon L. Rice,* for respondents,

April 29, 1935.

The opinion of the Court was delivered by MR. CHIEF JUSTICE STABLER.

W. N. Hanks, a resident and citizen of the County of Anderson, died on November 10, 1932, leaving of force his last will and testament, bearing date January 21, 1931. The defendant, Mrs. Ellie H. Ivester, one of the children of the deceased, thereafter asked that the will be proved in solemn form, and pursuant thereto, all proper parties were brought in and a hearing was had in the Probate Court on February 28, 1933; the testimony of the attesting witnesses being taken as to the execution of the will. Two of these, J. M. Hobson and E. C. Frierson, stated that they could not say, as they were unable to recall the details, that all three witnesses were present and signed the will as such in the presence of the testator and in the presence of each other,

nor could they say that this was not done. One of the witnesses, however, J. E. Murphy, testified most positively that when he signed the will as a witness, the only person present was H. F. Hanks, the son of the testator.

On March 7, 1933, the Probate Judge filed an order holding that the will had not been subscribed and attested with the formalities required by law and that it was, therefore, null and void. An appeal was taken therefrom to the Court of Common Pleas, and on April 10, 1933, a trial *de novo* was had in that Court. The attesting witnesses were again produced. Frierson and Hobson restated, or practically so, the testimony given by them in the Probate Court. Murphy, however, now swore positively that at the time the will was executed all three of the witnesses were present and signed their names in the presence of the testator and in the presence of each other. Upon being cross-examined as to what he had stated under oath in the Probate Court—which resulted in a holding by that Court of no will—he declared that, after thinking the matter over, it had all come back to him, and that he was wrong in what he had there testified to as to the execution of the will.

A motion for a directed verdict was made by counsel for the respondents but was refused by the Court. The jury answered, "Yes," to the question, "Did the three witnesses to the signature of W. N. Hanks on the paper offered as his last will sign their names in his presence and in the presence of each other?"

Thereafter respondents made a motion for a new trial, the grounds of which are not set out in the record. Judge Grimball granted the motion in an order dated May 11, 1933, giving the following reasons for doing so: "I am not at all satisfied with the verdict of the jury. I think it possible that they did not understand my charge. Possibly it may be that I did not succeed in making myself clear to them. In granting this new trial I am not trying to 'mould a verdict.' I am simply 'giving the parties the right to be heard again before another jury.' And this right, as the

trial Judge in the case, I think they are entitled to." From this order H. F. Hanks, as executor of the will, appeals.

The contention of the appellant is that the Circuit Judge was in error "in granting a new trial when no ground therefor was given except the general and indefinite statement that he was not satisfied with the finding of the jury and when the verdict was supported by the evidence."

It seems that the will in question appeared regular on its face. The presumption, therefore, arose that it had been subscribed and attested with the formalities required by law, and that presumption was not rebutted by the fact that two of the attesting witnesses, Dr. Hobson and Dr. Frierson, could not recall the details as to its execution. The positive testimony of Murphy, however, to the effect that the witnesses did not sign their names in the presence of the testator and in the presence of each other, was sufficient, if believed, upon which to predicate the holding made by the Probate Judge.

When Murphy later testified in the Court of Common Pleas to the exact county of the statement made by him in the Probate Court, his testimony taken in the last-named Court being admitted in evidence, an issue of fact was made for the jury as to when the witness was telling the truth; or, to put it differently, which statement of the witness, considered in connection with his explanation of why he had changed his testimony, might reasonably be believed by the jury as the truth of the matter. The trial Judge was, therefore, right in refusing the motion for a directed verdict.

Judge Grimball's dissatisfaction with the verdict of the jury was generously attributed by him to their possible misunderstanding of his charge. It is inferable from his statement, however, that he thought the evidence, in all the circumstances disclosed, was not sufficient to sustain, under applicable principles of law, the verdict as rendered, and that if he had made himself clear to them, the result would have been different. In any event, the trial

Judge, who saw the witnesses on the stand and heard them testify, and who was able to judge the entire situation at first hand, felt and concluded that a mistake, substantially affecting the verdict, had been made, either by the Court or the jury, and that in the interest of justice, the parties should have the right to be heard again before another jury. And we cannot say, from an examination of the record, that in this he abused his discretion. What another jury may do is a matter, of course, entirely for them.

The order appealed from, which will be reported, is affirmed.

MESSRS. JUSTICES CARTER and BONHAM and MR. ACT-ING ASSOCIATE JUSTICE G. B. GREENE, concur.