14355

HANKS v. IVESTER *ET AL.*

(187 S. E., 738)

Before DENNIS, J., Anderson, October, 1935.

*Mr. J. L. Sherard,* for appellant,

*Mr. Leon L. Rice,* for respondents.

October 7, 1936.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

This case involves the probating of the last will and testament of W. N. Hanks, deceased, late resident of Anderson County. It is not necessary to state the contents of the will. It appears from the record that Mrs. Ellie H. Ivester, one of the respondents in the case, daughter of the said W. N. Hanks, petitioned the Court to have the will proven in due form of law. The other respondents did not contest the will. After taking the testimony involving the proper execution of the will the Probate Judge rendered his opinion in the

case dated March 7, 1933, holding, in effect, that the will had not been executed with the formalities required by law, and holding further that the will was null and void. From this decision an appeal by the appellant herein, H. F. Hanks, as executor of the last will and testament of W. N. Hanks, deceased, was taken to the Court of Common Pleas for Anderson County, and at the April term following, a trial *de novo* was held; the presiding Judge being Honorable W. H. Grimball. At this trial the following question was submitted to the jury: "Did the three witnesses to the signature of W. N. Hanks on the paper offered as his last will sign their names in his presence and in the presence of each other?"

To this question the jury answered, "Yes."

The respondents presented a motion for a new trial and pursuant thereto his Honor, Judge Grimball, on May 11, 1933, granted respondents' motion, directing a new trial. Pursuant to due notice an appeal was taken to this Court from Judge Grimball's order granting said new trial. This Court sustained the order of Judge Grimball, wherein his Honor granted said new trial, and the case was remanded for further proceedings therein, consistent with the views expressed in said opinion. The opinion is reported in 175 S. C., 401, 179 S. E., 618. At the October, 1935, term of the Court of Common Pleas for said County of Anderson, a second trial *de novo* was held. This trial was before his Honor, Judge E. C. Dennis. The issues as framed· by the Court and submitted to the jury in the trial before Judge Dennis were as follows:

"1. Were the three witnesses, Frierson, Hobson, and Murphy, all together at the time W. N. Hanks signed the paper now offered as his will?

"2. Did W. N. Hanks sign the paper purporting to be his will in the presence of all three witnesses?

"3. Did the three witnesses sign their names to the will in the presence of W. N. Hanks and in the presence of each other?"

To these questions the jury answered, "No."

His Honor, Judge Dennis, as said presiding Judge, approved the finding of the jury, and on October 8, 1935, issued an order sustaining the finding of the Probate Judge, and holding that the said paper offered as the last will and testament of W. N. Hanks was no will. From said verdict of the jury and the said order issued by Judge Dennis, the appellant has appealed to this Court.

Under his exceptions the appellant imputes error to the lower Court as follows:

"1. Error of the Presiding Judge in failing to charge appellant's first request which defined in clear terms the broad meaning of the word 'presence,' the question of presence of the witnesses, in its broad and legal sense, being a vital issue in the determination of the case.

"2. Error of the Presiding Judge in questioning the witness, Murphy, at length and in the minutest detail as to the manner in which the will was signed at the automobile, the effect of said examination of the witness being to mold the opinion of the jury adversely to the appellant, and said examination being inconsistent with, and directly contrary to, the prevailing rule of law that witnesses are not required to remember all the facts or even any fact material to the execution of the will.

"3. Error of the Presiding Judge in failing and declining to charge appellant's fifth request, a clear understanding of the principle of law contained in this request being necessary to enable the jury to reach a proper determination of the case, said request being as follows: 'It cannot be maintained as a sound legal proposition that each witness to a will must recollect and prove the fact of signature, or testator's acknowledgment. Such a principle would place the validity of wills on a precarious basis, depending mainly on the selection of persons of retentive memories to be witnesses. *Gable v. Rauch*, 50 S. C., 95, 104, 27 S. E., 555.

"4. Error of the Presiding Judge in not granting appellant's motion for a new trial when the testimony showed that all the essential requirements in the execution of a will were complied with, even though the witnesses could not recall the particular facts surrounding its execution."

In passing upon the allegations of error set forth in appellant's exceptions, it is not, in our opinion, necessary to consider the several exceptions separately, but we deem it sufficient to state that a careful examination of the entire record in the case convinces us that the exceptions are not well taken and the same should be overruled. In passing upon each of appellant's requests to charge, his Honor, the trial Judge, was careful to protect all the rights of the appellant and to make clear the duty of the jury in reaching a proper conclusion, and we fail to find wherein his Honor committed any error of law in his charge to the jury. Further, we find no error of law and certainly no prejudicial error in connection with the examination of the several witnesses. In our opinion, the appellant received a fair and impartial trial at the hands of the Court in the lower Court, and we think that the finding of the jury in the trial before Judge Dennis is amply supported by the evidence, and that Judge Dennis' order is fully sustained by the record.

The exceptions are therefore overruled, and the judgment of the lower Court is hereby affirmed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BONHAM, BAKER and FISHBURNE concur.