## Butler *v.* Morse & *a.*

Relief against a judgment of record on the ground of accident or mistake will not be afforded when the only accident or mistake is the neglect of the suffering party's attorney to make a defence which he might have made but did not. In such case the party's only remedy is in a proceeding against the attorney.

Petition, to vacate a decree entered at the October term, 1889, for the foreclosure of a mortgage. January 28, 1882, Moody Morse conveyed to George C. Butler a tract of land in Londonderry (called the Barker farm). Butler gave his promissory note for $1,700 in payment for the farm, payable to Sarah H. Morse, Alice D. Morse, and Abby A. Morse, daughters of Moody Morse, on demand with interest annually, and secured the same by a mortgage to them upon the premises, also upon a tract of forty acres in Windham, reserving "the right to cut and carry off the wood and lumber growing on the north side of the highway running through" the Barker farm. The note was a gift by Morse to his daughters. The interest has been paid and endorsed to January 28, 1888. December 26, 1888, the sum of $400 was paid and endorsed. Butler cut some of the timber on the Windham lot with the permission of the mortgagees, and some without their permission. The sum of $400, endorsed December 26, 1888, was the proceeds of the timber cut off, and was more than its value on the stump. The value on the stump, of that cut without permission, was $54. He has cut and removed rather more than half of the wood and timber reserved on the Barker farm. A reasonable time for removing it was two years from the date of the deed. The value, at the present time, of what remains is $250. Its value, January, 1884, when a reasonable time for removing it had expired, was $200. March 19, 1889, the mortgagees filed a bill in equity against Butler for the foreclosure of their mortgage and for a perpetual injunction against his cutting or removing any of the wood and timber upon the mortgaged premises, including that part of the Barker farm situate on the north side of the highway. Butler employed an attorney to answer to and defend against the suit, and instructed him as to his defence so far as he understood it. The attorney entered an appearance at the April term, when the cause was continued to the October term with an order to answer in ten days. At the October term, no answer having been filed, the bill was ordered to be taken as confessed, a decree was entered up that a writ of possession issue in two months unless the defendant (Butler) should within that time pay to the plaintiff the sum of $1,450.23 and costs taxed at $18.24, and a perpetual injunction was granted restraining the defendant from cutting or carrying off any wood or timber growing on the north side of the

Barker farm. A writ of possession issued December 26, 1889, by virtue of which the mortgagees were put in possession of the mortgaged premises.

Butler first learned that the bill had been taken as confessed and a decree of foreclosure entered, when the officer served the writ of possession. He thereupon consulted another attorney, and filed this petition June 4, 1890, in which he alleges that he applied to an attorney-at-law to appear and defend against said suit, and supposed his attorney had done so until he was informed to the contrary after the final adjournment of the October term, 1889, and that he is now informed and believes that his attorney intended to file his answer and make defence to said suit, but by mistake and accident failed to make answer.

The defence Butler intended to make in the foreclosure suit was a partial failure of the consideration of the mortgage note, claimed to exist upon facts alleged in the bill, but which are not material to the point decided. He also intended to object to any injunction against his removing the wood and timber from the north side of the Barker farm. No accident or mistake was shown, except the neglect of his attorney to file an answer for him setting up that defence. The attorney is pecuniarily responsible.

Before any testimony was introduced, the defendants moved to dismiss, because no legal reason is assigned for reopening the decree in the foreclosure suit. The motion was *pro forma* refused, and the defendants excepted.

*H. B. Atherton, E. G. Eastman,* and *A. O. Fuller,* for the plaintiff.

*Fred R. Felch* and *O. E. Branch,* for the defendants.

BLODGETT, J. The reported facts do not make a case such as entitles the petitioner to the relief which he asks. Relief against judgments of record upon the ground of accident or mistake is confined to those cases in which negligence is not properly imputable to the applicant or his agents. *Wingate* v. *Haywood,* 40 N. H. 437; *Bergeron* v. *Dartmouth Savings Bank,* 62 N. H. 655, and authorities cited. This is not such a case. The only accident or mistake relied upon for vacating the decree and judgment of foreclosure is the neglect of the petitioner's counsel in that suit to file an answer setting up the defence of partial failure of consideration in the mortgage debt. Whether the failure to do this occasioned any injustice to the petitioner it is unnecessary to determine, because the neglect of the attorney must be regarded as the neglect of the petitioner himself. *Bergeron* v. *Bank, supra.* When a party selects an attorney of the court to conduct his cause in his stead and place, he confers upon the attorney authority to take such action in its prosecution or defence as he may decide to be

legal, proper, and necessary in the management of the cause; his acts are, in the absence of fraud, the acts of his client; and the rule that a party cannot in equity find relief from the consequences of his own negligence is equally applicable where the neglect is that of his attorney employed in the management of the case. *Alton* v. *Gilmanton*, 2 N. H. 520; *Bryant's Case*, 24 N. H. 153; *De Louis* v. *Meck*, 2 G. Gr. 55—*S. C.*, 50 Am. Dec. 491; *Lawson* v. *Bettison*, 12 Ark. 401; *Chambers* v. *Hodges*, 23 Tex. 104; *Sampson* v. *Ohleyer*, 22 Cal. 200; *Gifford* v. *Thorn*, 9 N. J. Eq. 702, 722; *Shricker* v. *Field*, 9 Iowa 366; *Chester* v. *Apperson*, 4 Heisk. 639; *Winchester* v. *Grosvenor*, 48 Ill. 517; Weeks Att. at Law, ss. 217, 221, 222; 1 Wait Act. & Def. 434;—see, also, *Grout* v. *Cole*, 57 N. H. 548.

The fact that the petitioner first learned that the bill had been taken as confessed and a decree of foreclosure entered up when the officer served the writ of possession is immaterial as against the adverse party who is not in fault, and who has at least equal equity, and, in addition to that, the legal advantage. The petitioner's attorney was bound to take notice of the orders and decrees made in the case, and must also be deemed to have had knowledge of them, for, like other officers of the court, attorneys are, by a legal fiction, always deemed to be, during term, present in court (*People* v. *Nevins*, 1 Hill, N. Y., 154); and notice to the attorney, whether actual or implied, is considered notice to the client, and binds him, when the notice is in the course of the transaction in which the attorney is acting for him. *Allen* v. *McCalla*, 25 Iowa 464—*S. C.*, 96 Am. Dec. 56; *Crouse* v. *Morse*, 49 Iowa 389; *Bierce* v. *Hotel Co.*, 31 Cal. 160; *Haven* v. *Snow*, 14 Pick. 28, 33; *Williams* v. *Tatnall*, 29 Ill. 553; *Pepper* v. *George*, 51 Ala. 190; Weeks Att. at Law, s. 237.

If the petitioner is entitled to any redress, it is against the attorney.

*Petition dismissed.*

SMITH, J., did not sit: the others concurred.