16035

SCOTT v. RUSS

(46 S. E. (2d) 152)

*Messrs. Davis & Lanford, Frank M. Turner* and *Richard T. Maher,* all of Columbia, for Appellant,

*Messrs. Robinson & Robinson,* of Columbia, for Respondent,

Messrs. *Davis & Lanford, Frank M. Turner* and *Richard T. Maher,* all of Columbia, for Appellant, in reply,

January 30, 1948.

BAKER, Chief Justice: The appellant, plaintiff below, obtained from the respondent, a pawnbroker, several small loans on the security of four rings. The aggregate of the loans was in the neighborhood of $55.00. The rings were delivered to the respondent by way of pledge, and the respondent issued to the appellant the usual evidences of the transactions in the form of pawnbroker's tickets.

This suit was brought for $3,000.00 actual and punitive damages for the alleged wrongful and fraudulent conversion of the rings. The pertinent portions of the answer of the respondent to the complaint are to the effect that a person who the respondent understood to be the husband of the appellant and who he alleges was held out by the appellant

to be her husband and authorized agent, tendered payment of the debt for which the rings were pledged, and presented the pawn tickets; requesting delivery of the rings, stating that he was handling the transaction for his wife; that the respondent delivered the rings to this person, receiving payment and the pawn tickets, and that he was thereby discharged from further responsibility and liability in the premises.

The case was tried before the County Court and a jury. The County Judge directed a verdict against the appellant on the subject of punitive damages. He refused respondent's motion for a direction of verdict and sent the case to the jury on the question of the "true market value of the rings at the time of the alleged conversion by the defendant." As the County Judge stated in his order on the motion for a new trial: "This charge eliminated any recovery for sentimental value, which had been somewhat stressed by the plaintiff in her testimony as to the stones having been in her family for generations."

The record is extremely meagre on the subject of the value of the rings. As to two of the rings the appellant stated that she had been offered a total of $950.00 for the same. As to the other two rings she stated that she *would sell the same* for $300.00 each. Such testimony, though admitted without objection, has little or no probative value. The respondent, testifying as an expert, placed a value of $225.00 on the four rings.

The jury brought in a verdict for the appellant for $1,500-.00, whereupon the respondent moved for a new trial on various grounds.

One of the grounds of the motion was that during the course of the trial the trial Judge had refused to strike out testimony of the appellant in which she stated that she had been offered $650.00 for one of the rings and $300.00 for another of them.

Another of the grounds of the motion was to the effect that the verdict was so excessive "as to support only the inference that it was capricious and influenced by passion, prejudice or other considerations not found in the evidence."

And a third ground of the motion was that "there was no evidence in the record of any probative value to support the purported finding by the jury  *  *  *."

And the final ground of the motion was that "the verdict was excessive and against the weight of the evidence."

The trial Judge granted the motion for a new trial, and the matter comes before this Court on exceptions to this order.

In view of the fact that an order granting a new trial ordinarily is not appealable, unless the same was induced by an error of law entering into the conclusions of the trial Judge, the first question for consideration by this Court is whether the order granted in this case comes within the general rule above stated or within the exception to such rule.

While there is not before the Court any motion on the part of the respondent to dismiss the appeal on the ground that the order granting the new trial is not an appealable order, the respondent has put into the record "additional grounds to sustain" which embrace in substance the above quoted grounds of the motion for a new trial. These grounds if applicable to the order of the County Judge granting a new trial, bring the present case within the category of non-appealable orders, and call for the affirmance of the order appealed from.

The order granting the motion for a new trial is here quoted in full. The italicized portions appear to us to be determinative of the question whether the County Judge relied wholly upon legal considerations among which we may look for an error of law inducing the conclusion of the lower Court, or whether the motion was granted in whole or in part upon one of the several grounds above quoted relating

only to the alleged excessiveness of the verdict or the insufficiency of the testimony to support the verdict.

## "ORDER ON MOTION FOR NEW TRIAL

"This case was tried before me and a jury on March 18th and 19th, 1947, and resulted in a verdict of One Thousand Five Hundred ($1,500.00) Dollars actual damages for the plaintiff. Thereafter, a motion for a new trial having been noted at the time of the trial, full oral argument was had before me on the motion and briefs were filed by both sides. I have considered the matter most carefully, have examined the authorities cited to me by counsel as well as others disclosed in my own research, and have decided that a new trial should be granted.

"Among the several grounds for a new trial filed by defendant is the contention that the Court erred in admitting, refusing to strike, and in allowing the jury to consider upon the issue of the value of the rings, the plaintiff's testimony as to offers made to her for the rings; and the contention that there was no evidence in the record of any probative value to support the finding by the jury as to the market value of the rings at the time of the alleged conversion.

"I took from the jury the question of punitive damages and instructed them that the measure of plaintiff's recovery, if any, was the true market value of the rings at the time of the alleged conversion by the defendant. This charge eliminated any recovery for sentimental value, which had been somewhat stressed by the plaintiff in her testimony as to the stones having been in her family for generations. Plaintiff offered no direct proof of the market value of the rings at the time of the alleged conversion, but testified only that she had been offered $650.00 for one ring and $300.00 for another. She did not testify as to when these offers were made, the terms of the offers, or what relationship to her or the rings the offerors might have had. She did not even state who made the two offers except that on cross-examination

she named a person in Charlotte, N. C., as making one of them. Only two of the four rings alleged to have been converted were mentioned in this testimony as to offers and plaintiff's only testimony concerning the other two consisted of general statements as to the price she would or would not take for them.

"Because of the vagueness of the plaintiff's testimony in this regard it is obvious that it has little weight, even if testimony as to previous offers is ever admissible and of probative value to prove the market value of property. However, as I read the decisions of our Supreme Court, particularly *Baynham v. State Highway Department,* 181 S. C. 435, 450, 187 S. E. 528, the statement by a witness of a previous offer to buy property is incompetent and has no probative value as to the market value of the property.

"It is true that defendant originally made no objection to the introduction of this testimony, but before the case went to the jury he moved that the testimony be stricken from the record on the question of market value, and that it be denied to the jury's consideration upon that issue. It is my opinion that, under the rule of the *Baynham case,* such testimony is incompetent and has no probative value upon the issue of market value. Therefore I should have granted the motion to strike. *In exercising my discretion upon a motion for a new trial, on which motion I am called upon to weigh the evidence, I am not required to give probative value to testimony which the Supreme Court has told me is entitled to none simply because the evidence originally came in without objection.*

"Eliminating consideration of this testimony, there is no evidence in the record of the market value of the rings upon which the jury's verdict can be based. The only actual testimony of the market value of the rings came from the defendant Russ, who testified both as to the wholesale value of the rings and the price at which they could be replaced by retail credit purchases from Columbia dealers. This latter valuation came to approximately $225.00 for the four rings.

*"Upon consideration, therefore, of the entire record, I hold that the ends of justice require that a new trial be granted,* and it is therefore,

"Ordered, Adjudged and Decreed:

"That a new trial be and the same is hereby ordered in this case."

It will be perceived that the trial Judge states three legal considerations, viz.: (1) that the testimony of the appellant as to the offers she had received for two of the four rings was not admissible; (2) that such testimony, even though admitted without objection, has no probative value; (3) that accordingly the motion to strike such testimony from the record, so as to exclude it from the consideration of the jury, should have been granted prior to the submission of the cause to the jury.

Independently of the correctness of these legal propositions, however, the trial Judge supports his order as an exercise of his discretion in weighing the evidence. And in weighing the evidence he exercised his prerogative to disregard the testimony as to the offers made to the appellant. That clearly is not the expression of a legal conclusion, because whatever might be thought to be the rule governing the jury in the consideration of inadmissible testimony which comes in without objection, the trial Judge hearing a motion for a new trial takes the place of the jury and himself weighs each piece of testimony and gives to it such credence and force as in his own conviction it is entitled to, and the discretion thus exercised by him is not reviewable by this Court.

The trial Judge further excluded his order from the realm in which it might have otherwise been argued that the order was induced by an error of law, by concluding that the only testimony in the cause having probative value as to the market value of the rings is the testimony of the respondent, whose valuation of the separate items aggregates $225.00.

He points out that except as to this testimony there is no evidence in the record of the market value of the rings upon which the jury's verdict can be based, eliminating from consideration the testimony relating to offers received by the appellant.

After so stating his views as to the quantum and weight of the testimony, the trial Judge concluded that "upon consideration, therefore, *of the entire record I hold that the ends of justice require that a new trial be granted."* (Emphasis added.)

The considerations above stated, in our opinion, point inescapably to the conclusion that independently of the legal propositions stated in the order as hereinabove set forth, the County Judge reviewed and took into consideration all of the testimony in the case relating to the market value of the rings; that he attached no weight to the testimony relating to the offers that had been made to the appellant; that he was impressed with the fact that the only other testimony on the subject in the record was that of the respondent above referred to, and that on such a record the verdict of $1,500-.00 as the market value of the rings was excessive to such an extent that the ends of justice required the granting of a new trial.

It is too well settled to admit of debate that it is within the discretion of a trial Judge to grant a new trial because of the excessiveness or of the inadequacy of a verdict, or because the verdict is against the evidence or the weight of the evidence, and that an order granting a new trial on any of such grounds will not be reviewed by this Court unless there has been an abuse of the discretion so exercised. The rule is based upon such considerations as that the Judge hears the evidence as it is given and sees the witnesses, and is in much better position than this Court to judge of the righteousness of verdicts. *Dantzler et al., v. Funderburg et al.,* 129 S. C. 79, 123 S. E. 788; *Byus et ux. v. Eason et al.,* 178 S. C. 175, 182 S. E. 442; *Worrell v.*

*South Carolina Power Co.,* 186 S. C. 306, 195 S. E. 638; *Port Utilities Commission of Charleston v. Chicco,* 192 S. C. 399, 7 S. E. (2d) 69.

It is not contended in this case that there was any abuse of discretion on the part of the trial Judge.

This view of the matter renders it unnecessary to consider other questions raised by appellant in her attack upon the order granting the motion for a new trial. Even if it were true (which we are not to be understood as adjudicating) that the trial Judge erred in concluding that he should have granted the respondent's motion to strike the testimony relating to offers for the rings, which motion was not made until after all of the testimony was in, the fact would still remain that the order is founded at least in part upon the conclusions of the trial Judge as to the weight and effect of all of the testimony in the case and upon his conviction that upon the whole record, justice requires the retrial of the cause. The exercise of his discretion in these respects could not be deemed appealable simply because other grounds upon which his order is based might be held to be erroneous.

The order of the County Court granting a new trial is affirmed.

FISHBURNE, STUKES, TAYLOR and OXNER, JJ., concur.