17246

JACK C. GRANT, Respondent, v. HARRY C. CLINKSCALES, Appellant

(95 S. E. (2d) 854)

*Messrs. W. C. Mann* and *William G. Acker,* of Pickens, *for Appellant,*

*Messrs. Julien D. Wyatt, Felix L. Finley, Jr.* and *John T. Gentry,* of Pickens, *for Respondent,*

January 3, 1957.

OXNER, Justice.

This is an action to recover actual and punitive damages for the alleged unlawful seizure and conversion by appellant of a television set. The trial resulted in a verdict for respondent for $500.00 actual damages and $1,000.00 punitive damages. Most of the exceptions relate to the admission of tes-

timony and can better be understood after a review of the facts and issues raised by the pleadings.

The allegations of the complaint may be summarized as follows:

Appellant is engaged in business at Pickens, South Carolina, under the name of Western Auto Associate Store. On March 26, 1954, he sold to respondent an Emerson television set in a mahogany cabinet for $293.50. Respondent made a small down payment and executed a chattel mortgage or conditional sales contract to secure the balance, payable in weekly installments of $5.00 beginning April 3, 1954.

On April 11, 1954 he advised appellant that the television set was not operating properly. It was then returned to appellant's place of business for repairs and, for use in the meantime, there was delivered to respondent a television set in a masonite cabinet. The next day respondent went to the place of business of appellant to ascertain whether or not the necessary repairs had been made. He found that his television set was still not working properly. Appellant then proposed to trade to respondent the television set with the masonite cabinet. Respondent did not consider the sets to be of equal value and declined to trade. After some further discussion, appellant agreed to replace the television set sold to respondent with a new one of the same type. This was done and the new set, which for convenience will be hereinafter referred to as the third set, was delivered. This resulted in there being in respondent's home the television in the masonite cabinet and the new set in the mahogany cabinet. The original set purchased by respondent was in appellant's place of business.

Respondent agreed to put the television set with the masonite cabinet in a box which appellant was to pick up the following morning. However, when appellant's agent called by respondent's home he not only removed the television set in the masonite cabinet but also the third set which had been delivered to respondent in exchange for the first set. This

was done while respondent and his wife were at work. Upon returning home, they went immediately to appellant's place of business and complained of the removal of the set which had been exchanged. After a heated argument, appellant refused to make any adjustment and ordered them out of the store. They then sought the advice of an attorney whom appellant told, in a telephone conversation, that he had just decided "to call the whole thing off". Thereafter on April 22, 1954, this action was commenced.

Appellant alleged in his answer that while the repairs were being made, he permitted respondent to use a television set in a masonite cabinet and also one in a mahogany cabinet similar to that which he had sold him, that after the repairs were completed, respondent insisted on trading the repaired television set for the new mahogany set, which he refused to do; and it was then agreed that he would have one of his employees call by respondent's home and pick up the two television sets which he had been using and respondent would call at his place of business and pick up the set which had been repaired. Appellant vigorously denied ever having agreed to the exchange claimed by respondent and alleged that the repaired television "is still in the store of the defendant and still is and has been for all these months available for the plaintiff * * *."

The testimony of each of the parties was substantially in accord with the allegations in his pleadings. That of the respondent was corroborated by several witnesses. It is undisputed that respondent's payments were not in arrears when the television sets were removed from his home. It will thus be seen that the major disputed issue of fact was whether there was an agreement to exchange the new television in the mahogany cabinet for the one originally sold to respondent. If there was such an agreement, appellant's removal of the third set was unlawful. If not, there was no conversion of the third set and respondent was only entitled to the one in appellant's place of business which had been repaired. This issue of fact was submitted to the jury in a very clear charge.

Respondent introduced without objection testimony to the effect that in April, 1954, appellant sold the television originally purchased by respondent to a Miss Lucille Hallum, a teacher in the public schools of Pickens, and shortly after the commencement of this action sent one of his employees to Miss Hallum's home and surreptitiously changed one of the serial numbers in order to conceal the identity of the set. The witnesses were able to identify it, however, by another serial number which had not been changed.

At the conclusion of respondent's testimony, appellant's counsel made the following motion: "Your Honor, I move for a nonsuit as to unlawful conversion and a nonsuit as to punitive damages, leaving only one question: that of trespass and as to actual damages."

The Court refused this motion, but held that the complaint only stated a cause of action for the unlawful removal and conversion of the third set and thereupon *sua sponte* struck out all testimony relating to the sale to Miss Hallum and the changing of the serial numbers.

On cross-examination appellant stated that the first television set was still in his store. Respondent's counsel were then permitted, over objection, to examine him as to the sale of this set to Miss Hallum and to establish by him that one of the serial numbers on the set in her possession corresponded with the serial number on the mortgage executed by respondent.

Counsel for appellant contend on this appeal that the foregoing testimony was incompetent and highly prejudicial. They say that its admission was inconsistent with the previous action of the Court in striking out all testimony relating to the first set and also with the ruling of the Court that the complaint stated only a cause of action for conversion of the third set. They argue that the jury was permitted to consider testimony relating to the conversion of the first set when no such cause of action was stated in the complaint.

We think the testimony was entirely relevant to the cause of action for unlawful removal and conversion of the third set and was properly admitted. It tended to refute the allegation in the answer and appellant's testimony to the effect that after the first set was repaired, it was kept in his store and remained there at all times available to respondent. It tended to discredit his denial that he ever agreed to exchange the third set for the first set. If there was no such agreement, why did he sell the first set to Miss Hallum? Appellant could not have been prejudiced by the fact that the Court previously struck out similar testimony. That ruling was more favorable to him than he was entitled to. In fairness to the trial Judge, it should be stated that when he made the first ruling his atttention had not been called to the allegation in the answer that the repaired set was still in appellant's store.

In several of the exceptions we find the expression that the Court "granted a nonsuit respecting the first set." This is inaccurate. The ruling of the Court was that the complaint stated a cause of action for conversion of .the third set and not of the first set and the case was submitted to the jury on this basis.

The next exception is that the Court erred "in holding that there was ample testimony to warrant a finding of $500.00 actual damages and $1,000.00 punitive damages." This exception is so indefinite that it is difficult to determine just what point is sought to be raised. If appellant intended to challenge the sufficiency of the evidence to support a verdict for $500.00 actual damages, such a question is not properly before us because not presented to the Court below. Appellant's motion for judgment *non obstante veredicto* was solely upon the ground that *"no* damages were suffered by the plaintiff and it would be unconscionable to allow the verdict to stand." (Emphasis ours.) In the alternative motion for a new trial it was stated: "A verdict for $500.00 actual damages can in no event stand, there having been no proof of *any actual* damages suffered

by the defendant." (Italics ours.) It will thus be seen that the question raised in the Court below after the rendition of the verdict was not the extent of the damage but that respondent sustained no damage, and this seems to be the position taken in appellant's brief.

Counsel for appellant call attention to the fact that during the taking of respondent's testimony, his counsel stated that they were suing on the first set, and it is argued that no damage could arise from conversion of this set because it was voluntarily turned over to appellant and after being repaired, respondent refused to take it back. But the trial Judge did not agree that the suit was on the first set. He held, and we think properly so, that the complaint stated a cause of action for unlawful removal and conversion of the third set and from this ruling neither of the parties has appealed. Clearly on that cause of action there was proof of damage. Incidentally, counsel for appellant in their motion for a nonsuit apparently conceded that the case should go to the jury on the question "of trespass and *as to actual damages.*" (Italics ours.) It would also seem that if counsel for appellant thought there was no proof of actual damages, they would have raised the point on a motion for a directed verdict. There was no such motion.

There is clearly no merit in appellant's contention that the Court should have granted a nonsuit as to punitive damages. *Parker v. General Motors Acceptance Corporation,* 204 S. C. 547, 30 S. E. (2d) 589, 153 A. L. R. 763; *Richardson v. General Motors Acceptance Corporation,* 221 S. C. 14, 68 S. E. (2d) 874. Nor can it be said the amount awarded is excessive.

The remaining exception is that the Court erred "in holding that the verdict of the jury was not contrary to the law and the evidence of the case." This exception is entirely too general to be considered. *Marthers v. Hurst,* 226 S. C. 621, 86 S. E. (2d) 581; *Brown v. Hill,* 228 S. C. 34, 88 S. E. (2d) 838.

All exceptions are overruled and the judgment of the Court below is affirmed.

STUKES, C. J., TAYLOR and LEGGE, JJ., and E. H. HENDERSON, Acting Associate Justice, concur. MOSS, J., disqualified.