17327

SURFSIDE DEVELOPMENT COMPANY, a corporation, Respondent, v. REYNOLDS and MANLEY LUMBER COMPANY, a corporation, and O'DELL POWELL, Defendants, of whom Reynolds and Manley Lumber Company is Appellant

(99 S. E. (2d) 49)

*Messrs. Warren & Warren,* of Hampton, and *McLaws & Brennan,* of Savannah, Georgia, *for Appellant,* ▮

*Messrs. Dowling, Dowling & Sanders* and *Harvey & Harvey,* of Beaufort, *for Respondent,* ▮

July 16, 1957.

OXNER, Justice.

This action was brought against O'Dell Powell and Reynolds and Manley Lumber Company, a corporation, to recover actual and punitive damages· for wilfully and maliciously entering upon plaintiff's property and cutting and re-

moving therefrom a large number of valuable trees. It was alleged in the complaint that the actual cutting and removing of the timber was done under the supervision and direction of Powell who was acting within the scope of his employment as the agent or servant of the Lumber Company.

In separate answers filed by defendants, they denied trespassing upon plaintiff's lands and alleged that the Lumber Company bought the timber upon an adjoining tract and employed Powell as an independent contractor to cut and remove said timber. The Lumber Company further alleged in its answer that it had no control over Powell and if he cut on plaintiff's lands, it was not responsible. Powell alleged in his answer that he made a diligent effort to locate the boundaries between plaintiff's land and the tract upon which he was to cut and that if he cut any timber on plaintiff's lands, it was unintentionally done.

The trial resulted in a verdict for plaintiff for $1,600.00 actual damages against both defendants and $10,000.00 punitive damages against the Lumber Company alone.

The record discloses that when the verdict was rendered, the following occurred: "Mr. Thomas (attorney for defendants) : May it Please the Court: I want to make the usual motion. I want to reduce on the grounds that the amount found is excessive and there are no facts in this case to support the verdict and also want to make a motion to set aside the verdict, *non obstante veredicto,* notwithstanding the verdict and I will ask that you mark it heard and we can fix a date."

It was agreed that the motion should be marked "heard" and argued at a later date. Thereafter the motion was argued at Walterboro. Counsel for defendants then stated that the grounds of his motion were: "First: That the verdict was contrary to the evidence, and Second: To mitigate the amount of the verdict."

In an order subsequently filed the trial Judge concluded that the verdict as to punitive damages was excessive and

granted a new trial unless the plaintiff remitted $2,500.00 of the verdict for such damages. The remission was timely made and judgment entered against both defendants for $1,600.00 actual damages and against the Lumber Company for $7,-500.00 punitive damages. From this judgment the Lumber Company has appealed upon one exception, which is as follows: "The verdict of the jury having exonerated O'Dell Powell as agent or servant from liability for punitive damages, operates also to exonerate Reynolds and Manley Lumber Company from such liability, the sole act of trespass being the cutting of the trees by the agent or servant."

It is appellant's contention that the testimony conclusively shows that the trespass, if any, was committed solely by Powell as the agent, or servant of the Lumber Company and that the jury having acquitted Powell of any recklessness or wilful conduct, under the case of *Kirby v. Gulf Refining Company,* 173 S. C. 224, 175 S. E. 535, a verdict for punitive damages against the principal or master cannot stand.

We agree with respondent that this question was not raised in the Court below and, therefore, is not properly before us. The motion made after the rendition of the verdict is rather confusing. Apparently, it included both a motion for a new trial and a motion for judgment *non obstante veredicto.* If so, the latter motion was stated in rather general terms. Be that as it may, the grounds of defendants' motion were specifically stated at Walterboro and clearly do not include the question now sought to be raised. Moreover, if this point had been argued before the Circuit Judge, it is reasonable to suppose that he would have made some reference to it in his order granting a new trial *nisi.*

In *Gleaton v. Southern Railway Co.,* 208 S. C. 507, 38 S. E. (2d) 710, an action for damages for alleged wrongful death was brought against the Southern Railway and the engineer in charge of the locomotive. The jury returned a verdict against the Railway Company alone. Counsel moved for judgment *non obstante veredicto* which was overruled. On appeal the Railway Company contended that any negli-

gence on its part was solely through the engineer and the jury having acquitted him of any negligence, there could be no recovery against it. We declined to consider the question because the point was not raised in the trial Court.

In *Terry Packing Co. v. Southern Express Co.,* 143 S. C. 1, 141 S. E. 144, 147, a number of actions were brought against the Southern Express Company and American Railway Express Company based upon an alleged failure of the Southern Express Company to account to the plaintiff for the proceeds of certain C.O.D. shipments made by the plaintiff. The American Railway Express Company was joined as a party defendant upon the theory that it had assumed the liabilities of the Southern Express Company. The jury returned a verdict in each case against the American Express alone. On appeal that Company contended that the jury having exonerated the Southern Express from liability, the verdict necessarily exonerated it. In disposing of this contention, the Court said:

"The second main proposition presented by the appeal may be thus stated: That even if the American Railway Express Company is liable for the old claims against the Southern Express Company, the fact that the verdict of the jury exonerated the Southern Express Company from liability for the delicts charged against it would, as a matter of law, exonerate the American Express Company as well.

"An examination of the record does not dislose that this point was raised in the court below by a request to charge or by a motion for a new trial. Hence, the question, raised here for the first time, is not properly before this court for consideration."

To the same effect, see *Gaines v. Durham,* 124 S. C. 435, 117 S. E. 732; *Walker v. Atlanta & Charlotte Air Line Railway Co.,* 210 S. C. 443, 43 S. E. (2d) 206.

All the foregoing cases are based upon the well settled rule that this Court will not consider any question not raised in the Court below. Among the more recent cases involving

the application of this rule are *Carter v. Peace,* 229 S. C. 346, 93 S. E. (2d) 113; *Simonds v. Simonds,* 229 S. C. 376, 93 S. E. (2d) 107; *Wright v. City of Florence,* 229 S. C. 419, 93 S. E. (2d) 215.

Since the sole question sought to be raised by the exception is not properly before us, the appeal is dismissed.

STUKES, C. J., and TAYLOR, LEGGE and MOSS, JJ., concur.