17330

KALEP SIMON, by his Guardian ad litem, Bessie Simon, Respondent, v. W. H. FLOWERS, d/b/a Darlington Tractor and Equipment Company and the Roanoke Holliday Tobacco Harvester, Serial No. 3-404, Model No. 55 JR, Appellants

(99 S. E. (2d) 391)

*Messrs. Bridges & Bridges,* of Florence, *for Appellants,*

*Messrs. Cook & Cook,* of Hartsville, *for Respondent,* cite:

*Messrs. Bridges & Bridges,* of Florence, *for Appellants,* in reply.

July 23, 1957.

LEGGE, Justice.

In a tort action for personal injuries, the defendant failed to plead to the complaint within the twenty-day period prescribed by Section 10-641 of the 1952 Code. He was adjudged in default, and the matter was referred to the Master, who, having taken testimony, filed his report recommending judgment for the plaintiff in the amount of $25,-000.00 actual damages. Thereafter, plaintiff's counsel having declined to accept service of a proffered answer, the defendant moved for permission to answer, upon the ground that his default had been occasioned by mistake and excusable neglect; and the plaintiff moved for an order confirming the Master's report. Both motions were argued before the Honorable J. Woodrow Lewis, Judge of the Fourth Judicial Circuit; and by his order dated January 26, 1957, he refused the defendant's motion and confirmed the Master's report so far as it concerned the issue of the defendant's liability, but held that an award of $20,000.00 for actual damages would be adequate and proper, and ordered judgment in.favor of the plaintiff in that amount. From that order the defendant now appeals upon the following exceptions:

"1. The Circuit Court erred in mistaking the grounds of appellant's motion.

"2. The Circuit Court abused its discretion in refusing to permit appellant to answer respondent's complaint.

"3. The Circuit Court erred in granting judgment to respondent.

"4. The Circuit Court erred in granting judgment to respondent for twenty thousand ($20,000.00) dollars actual damages."

Exceptions 1 and 3 are too general and indefinite for consideration. Supreme Court Rule 4, Section 6; *Rodgers v. Herron,* 226 S. C. 317, 85 S. E. (2d) 104, 48 A. L. R. (2d) 1241.

Exception 4 raises no reviewable issue. At most it charges, by implication, that the amount of the judgment was excessive, which is insufficient to invoke

the appellate jurisdiction. *Nelson v. Charleston & W. C. R. Co.,* 226 S. C. 516, 86 S. E. (2d) 56. Moreover, the issue thus sought to be raised here was not raised in the lower court, and therefore cannot be considered now. *Simonds v. Simonds,* 229 S. C. 376, 93 S. E. (2d) 107; *Grant v. Clinkscales,* 230 S. C. 416, 95 S. E. (2d) 854; *Surfside Development Corp. v. Reynolds & Manley Lbr. Co.,* S. C., 99 S. E. (2d) 49.

There remains for consideration the contention that the refusal by the Circuit Judge to open the default and permit appellant to answer the complaint was an abuse of judicial discretion. The facts pertinent to that issue, apparent from the record, are as follows:

This action, based upon alleged negligence of the personal defendant's employee in the operation, on a public highway, on December 2, 1955, of a tobacco harvester (also joined as defendant), was commenced on September 20, 1956, by service of the summons, together with verified complaint. The defendant promptly turned these papers over to his liability insurance carrier, whose agent delivered them to its local counsel, Mr. Bridges, at Florence, S. C., on September 24, 1956, stating that they had been served upon the defendant on September 20 or 21. Mr. Bridges, who had not theretofore been informed of the accident referred to in the complaint, promptly by telephone advised his client, the insurance company, of the pending action, and requested information with regard to its investigation of the accident. On September 28, 1956, he received from the company photostatic copies of pertinent parts of the investigation, including a copy of a statement made by the operator of the tobacco harvester shortly after the accident. This statement was to the effect that the injuries sustained by the plaintiff (a fourteen-year-old colored boy) had resulted from his being thrown by a fractious horse, and were not the result of any negligence on the part of the harvester operator.

At the time of the receipt of this investigation file, Mr. Bridges was engaged in a trial in the Court of Common

Pleas for Florence County. From this point we quote from his affidavit upon which the motion for leave to answer was predicated:

"Accordingly, and according to deponent's best information, knowledge and belief, deponent thereupon placed a call to counsel for the plaintiff (whose office was in Hartsville, S. C., we interpolate), this fact being evidenced by a memorandum in the handwriting of the deponent in deponent's file dated September 28, 1956. That it now appears that such call was not completed, but due to the pressure of the trial of causes on September 28 and 29 and the beginning of four consecutive days of hearings before the Industrial Commission at Conway and Georgetown, South Carolina, by the deponent, the deponent upon the completion of such days through mistake construed his memorandum to have been a memorandum of a completed call and the granting of an extension in which to file an answer to plaintiff's complaint. Whether the call was completed or not is not known to deponent, but the completion of such call has been denied by plaintiff's counsel, and the records of telephone calls made from deponent's office fail to indicate a completed call, and deponent therefore accepts that such call was not completed.

"That due to the mistake made on the part of the deponent, answer was not prepared and transmitted to plaintiff's counsel until October 30, 1956, some thirty-nine (39) days after the service of plaintiff's complaint.

"That the failure of the defendants to answer the complaint of plaintiff within the time specified in plaintiff's summons was solely the result of a mistake on the part of deponent, defendant's counsel.

"That no notice was given by plaintiff to the defendants of any action subsequent to the service of the summons and complaint."

Section 10-609 of the 1952 Code provides that "the court may, in its discretion and upon such terms as may be just, allow an answer or reply to be made or other act to be done after the time limited by this Code

\* \* \*" Discretionary power under this section is vested in the trial, not the appellate, court. In an appeal from such an order of the circuit court it is not our function, nor is it within our power, to substitute our judgment for that of the circuit judge simply because we might have reached a different conclusion had we been in his place. *Bishop v. Jacobs,* 108 S. C. 49, 93 S. E. 243; *Morgan v. State Farm Mutual Insurance Co.,* 229 S. C. 44, 91 S. E. (2d) 723. Our appellate jurisdiction in law cases is limited, by the express language of Article V, Section 4 of the Constitution of 1895, to "the correction of errors at law".

As applied to a circuit court order under Section 10-609 either granting or refusing leave to answer after the expiration of the time limited by law, "error at law" exists: (1) when the circuit judge, in issuing it, was controlled by some error of law (e. g., erroneous construction of a written agreement extending the time for answering, *McSween v. Windham,* 77 S. C. 223, 57 S. E. 847); or (2) where the order, based upon factual, as distinguished from legal considerations, is without adequate evidentiary support. *Buttz v. Campbell,* 15 S. C. 614; *LeConte v. Irwin,* 19 S. C. 554; *Drummond v. Edwards,* 126 S. C. 435, 120 S. E. 366.

The three cases last cited were concerned with the opening of default after judgment Code (1952 Section 10-1213), but the same principles govern our review of circuit court orders under Section 10-609 as under that section. *Morgan v State Farm Mutual Insurance Co., supra.* Applying them to the case at bar, we are unable to find abuse of discretion in the issuance of the order under appeal.

The affidavit of appellant's counsel, upon which the motion was based, shows that the default was the result of forgetfulness on his part which in turn was due to pressure of his business in the trial of cases and in attendance at hearings before the Industrial Commission. It is not suggested that either appellant or his counsel was misled by any statement or act of the respondent or of re-

spondent's counsel. In the crowded routine of a busy lawyer's life a mistake such as the record here discloses is understandable; but it entails the penalty of default under strict enforcement of the rule of procedure, and the trial court's refusal to forgive it affords no basis for reversal.

It has been held in other jurisdictions that the failure of a party's attorney to plead within the time required by law, where such default was due to pressure of other professional or business matters, is not sufficient ground for opening or vacating the judgment resulting therefrom. 31 Am. Jur., Judgments, Section 751, p. 290. In the annotation following *Peterson v. Koch,* 110 Iowa 19, 81 N. W. 160, in 80 Am. St. Rep. 261, it is said:

"Although a wide discretion is vested in courts to set aside or vacate judgments because of the neglect, misconduct or inadvertence of counsel employed in the case, the general rule undoubtedly is that the neglect of the attorney is the neglect of the client, and that no mistake, inadvertence or neglect attributable to an attorney can be successfully used as a ground for relief, unless it would have been excusable if attributable to the client. The acts and omissions of the attorney in such case are those of the client."

So also, in *Butler v. Morse,* 66 N. H. 429, 23 A. 90, the court said:

"The only accident or mistake relied upon for vacating the decree and judgment of foreclosure is the neglect of the petitioner's counsel in that suit to file an answer setting up the defense of partial failure of consideration in the mortgage debt. Whether the failure to do this occasioned any injustice to the petitioner it is unnecessary to determine, because the neglect of the attorney must be regarded as the neglect of the petitioner himself. * * * When a party selects an attorney of the court to conduct his cause in his stead and place, he confers upon the attorney authority to take such action in its prosecution or defense as he may decide to be legal, proper and necessary in the management of the cause; his acts are, in the absence of fraud, the acts

of his client; and the rule that a party cannot in equity find relief from the consequences of his own negligence is equally applicable where the neglect is that of his attorney employed in the management of the case."

In *Claussen v. Johnson*, 32 S. C. 86, 11 S. E. 209, defendant obtained judgment, by default, on his counterclaim. Motion to vacate was based upon the ground that on the day of the trial plaintiff's counsel had had to attend court in another county and had so notified defendant's counsel on the day of, but prior to the actual commencement of, the trial. The circuit court order, holding this showing insufficient to entitle plaintiff to relief under section 10-1213 (then § 195), was affirmed on appeal.

Of like result was *Hartford Fire Insurance Co. v. Sightler*, 131 S. C. 241, 127 S. E. 13, where defendant's counsel had been notified that the case would be called for trial at a certain time and failed to appear only because he was waiting in his office for his client to come there in response to a message that counsel had sent to him.

See also *Poston v. State Highway Department*, 192 S. C. 137, 5 S. E. (2d) 729. There the attorney general had received a copy of the trial roster for the coming term, showing two cases in which the highway department was defendant. Being engaged in many other official matters and, in addition, disturbed over the illness of a member of his family, he handed the roster to one of his assistants, directing his attention to one of the cases, but not noticing the other. When the latter case was called the plaintiff obtained judgment in default of appearance for the defendant; and thereafter, the trial court refused to set it aside, holding that the attorney general's inadvertence was not excusable neglect within the meaning of the statute. That order was affirmed on appeal.

In *Johnson v. Finger*, 102 S. C. 354, 86 S. E. 673, ■ this court affirmed a circuit court order vacating a default judgment because defendant's counsel had erroneously supposed that the pendency of a motion to make

the complaint more definite and certain had extended the time for answering. And in *Savage v. Cannon*, 204 S. C. 473, 30 S. E. (2d) 70, like order was affirmed where the lower court had excused the default because of erroneous belief on the part of the defendant's counsel that time for answering had been extended by his demand for an itemized statement of the plaintiff's account. But those cases are of no help to appellant here; they emphasize the rule hereinbefore stated, that matters of this kind are addressed to the sound discretion of the trial judge, and that his ruling will not be disturbed on appeal except upon a clear showing of abuse of discretion.

Affirmed.

STUKES, C. J., and TAYLOR, OXNER and MOSS, JJ., concur.