## 17802

Beverley Riley **ULMERS,** Respondent, v. Frank **WILLINGHAM,** Appellant

(120 S. E. (2d) 859)

504

*Messrs. Nelson, Mullins, Grier & Scarborough,* of Columbia, *for Appellant,*

*Messrs. Taylor & Foard,* of Columbia, *for Respondent,*

July 7, 1961.

Oxner, Justice.

About 8:30 p. m. on March 17, 1960, a truck driven by appellant collided with respondent's automobile which was unoccupied and had been left properly parked on the street in front of her home in the Town of St. Matthews, South Carolina. This action was brought by respondent to recover the actual damages to her automobile resulting from said collision, together with punitive damages. On the trial of the case it appeared that appellant, a Negro, while highly intoxicated, recklessly drove into the rear of the respondent's automobile and failed to stop. He did not take the stand. At the conclusion of the testimony his counsel admitted liability for actual damages. The jury returned a verdict in favor of respondent for $2,500.00 actual damages and $75.00 punitive damages.

We take the following from the record:

"After the jury returned a verdict in favor of the plaintiff in this case, a motion was made by counsel for defendants as follows:

"The defendants move for a new trial.

"The Court: I am ready to hear your arguments on the motion. Do you want to say it is argued and overruled?

"Mr. Lake and Mr. Mullins (counsel for defendant) confer and answer 'yes, sir.'

"The Court: The motion for new trial made, argued and refused.

"The Court: You got off light, you better pay off. If I had been on that jury, I would have given them $5,000.00."

The sole contention made by appellant on this appeal is that the verdict for actual damages is excessive. We do not reach the merits, for we agree with respondent that the question now presented was not raised in the Court below and, therefore, is not properly before us.

It is well settled that this Court cannot consider an issue not raised in the Court below. *Hiers v. South Carolina Power Company,* 198 S. C. 280, 17 S. E. (2d) 698. Any question affecting the verdict should be raised by a motion for a new trial. *Hubbard v. Rowe,* 192 S. C. 12, 5 S. E. (2d) 187. It has accordingly been held that this Court will not consider whether a verdict is excessive where that question was not presented to the trial Judge by a motion for a new trial. *Carter v. Atlantic Coast Line Railroad Co.,* 192 S. C. 441, 7 S. E. (2d) 163; *Simon v. Flowers,* 231 S. C. 545, 99 S. E. (2d) 391. Upon the same principle it has been held where the objection that the recovery is inadequate is not raised by a motion for a new trial, it is waived and cannot be urged on appeal. *Anderson v. Aetna Casualty & Surety Co.,* 175 S. C. 254, 178 S. E. 819.

Here appellant made a motion for a new trial but stated no grounds. It has been held that "where no ground is stated in the motion for a new trial no question is presented by the motion, and the order denying the motion must be affirmed." *Kiebach v. Kiebach,* 227 Minn. 328, 35 N. W. (2d) 530. It is claimed, however, that the trial Judge did not permit counsel to state their grounds and argue the motion. But we do not think that the record is subject to this interpretation. The trial Judge clearly indicated his readiness to hear argument on the mo-

tion but counsel evidently did not desire to do so and agreed for the motion to be peremptorily disposed of.

Finally, it is argued that the statement of the trial Judge to the effect that defendant "got off light" and that if he had been on the jury he would have given the plaintiff $5,000.00 conclusively shows that he considered the question now presented and concluded that the verdict was not excessive, and having done so, the question is now properly before us under the decision of this Court in *Anderson v. Davis*, 229 S. C. 223, 92 S. E. (2d) 469. But we do not know what the trial Judge had in mind in making this casual remark after he had refused the motion. He may not have been thinking of actual damages but expressing an opinion that the jury could very properly have awarded a much greater amount as punitive damages. In other words, he may have concluded that considering the total amount awarded defendant "got off light". It would be wholly speculative to say that he determined that the verdict for actual damages was not excessive.

Affirmed.

TAYLOR, C. J., and LEGGE, MOSS and LEWIS, JJ., concur.