## 18544

Mark A. MIMS, Respondent, v. James R. COLEMAN, H. W. Brown, and Hyman Motors, Inc., of which James R. Coleman is, Appellant

(149 S. E. (2d) 623)

236

*Messrs. Willcox, Hardee, Houck, Palmer & O'Farrell,*
of Florence, *for Appellant,* 

*Messrs. Yarborough & Nettles* of Florence, and *Joe F. Anderson,* of Edgefield, *for Respondent,* 

August 1, 1966.

LIONEL K. LEGGE, Acting Associate Justice.

Respondent brought this action against James R. Coleman, H. W. Brown and Hyman Motors, Inc., seeking to recover damages in the amount of Twenty Thousand ($20,-000.00) Dollars for personal injuries sustained by him in an automobile accident on April 16, 1961, in Florence County; and the case was tried before the Honorable James Hugh McFaddin and a jury at the November, 1962, term of the Court of Common Pleas for that county.

At the conclusion of the plaintiff's testimony a nonsuit was granted as to Hyman Motors, Inc., and no appeal was taken from that order. Upon completion of all testimony the defendant Coleman moved for a directed verdict, and that motion was refused. The case was then submitted to the jury, who found a verdict in favor of Coleman and against Brown, who was in default, for the full amount demanded in the complaint. The plaintiff then moved for a new trial. That motion was marked "heard" by agreement; and thereafter in March, 1965, it was argued before the trial judge, who on March 31, 1965, filed an order granting the plaintiff a new trial against the defendants Coleman and Brown, upon the ground that the verdict was "contrary to the evidence and the greater weight thereof." From that order Coleman has appealed.

An order granting a new trial on factual grounds ■■ is not appealable. But the question of existence or nonexistence of evidence is one of law; and to that extent such an order is subject to our review. *Carolina Aviation v. Glens Falls Insurance Co.*, 214 S. C. 222, 51 S. E. (2d) 757. Our inquiry here must, therefore, be limited to the question of whether there was any evidence from which the jury might reasonably have inferred that respondent's injuries were proximately caused by negligence of the appellant. If that question is answered in the affirmative the appeal must be dismissed, for this court has no power to weigh conflicting evidence in a law case. But if there was no evidence of actionable negligence on the part of the appellant, there was no conflicting evidence to be weighed, and the order granting a new trial on the ground stated by the trial judge would be erroneous as a matter of law.

Coleman and Brown were employees of Hyman Motors, Inc., a dealer in new and used automobiles in the City of Florence. Coleman was a salesman in the parts department; Brown's job was on the "grease rack", attending to lubrication and changing of oil. On Saturday afternoon, April 15, 1961, there was delivered to Brown at the place of business of Hyman Motors a 1950 Plymouth sedan which Coleman, as an accommodation to Brown, had then bought for cash and immediately resold to him on instalment terms. On the following morning Brown drove the car to Coleman's home, and at Brown's invitation Coleman went with him in the car to the home of one Barr, several miles distant, where Brown wanted to pick up some tools that belonged to him and that were in Barr's possession. On the way to Florence, Brown, driving on a secondary road, negligently entered its intersection with U. S. Highway No. 76, where the Plymouth collided with respondent's car, causing the injuries that gave rise to this action. Both Brown and Coleman had been drinking during the drive. Brown testified that he remembered nothing of the accident; Coleman testified that he

was asleep when it occurred. It may fairly be inferred that both were intoxicated.

That the collision and the resulting injuries were ■■ due to the negligence and recklessness of Brown, who was driving, is clear. But our scrutiny of the record reveals no evidence from which actionable negligence on the part of Coleman might reasonably be inferred. There was no evidence that he was driving the car or that he had or was exercising any control over its operation. There was no evidence of agency whereby he might be held responsible for Brown's negligence under the doctrine of respondeat superior; nor does the complaint allege any such agency. There was no evidence to support the allegation that Coleman and Brown were engaged in a joint enterprise. *Cf. Bolt v. Gibson,* 225 S. C. 538, 83 S. E. (2d) 191; *Gray v. Barnes,* 244 S. C. 454, 137 S. E. (2d) 594; *Ray v. Simon,* 245 S. C. 346, 140 S. E. (2d) 575. On the contrary, the only reasonable inference from the evidence is that the mission on which the car was being used was that of Brown alone, and that Coleman was simply a guest passenger.

There being no evidence sufficient to raise an issue for the jury on the question of actionable negligence on Coleman's part, the order granting a new trial as to him was erroneous.

Reversed.

Moss, C. J., and Lewis, Bussey and Brailsford, JJ., concur.