20247

The SOUTH CAROLINA STATE HIGHWAY DEPARTMENT, Appellant, v. Mary Hamby CLARKSON, et al., Respondents.

(226 S. E. (2d) 696)

122

*Messrs. Daniel R. McLeod, Atty. Gen., A. Camden Lewis,* and *Donald V. Myers, Asst. Attys. Gen.,* and *William F. Austin,* of Columbia, *for Appellant,*

*Messrs. N. Heyward Clarkson, Jr., Clarke W. McCants, Jr.,* and *H. David Whitener, Jr.,* of Columbia, *for Respondents,*

*Messrs. Daniel R. McLeod, Atty. Gen., A. Camden Lewis, Donald V. Myers, Asst. Attys. Gen.,* and *William F. Austin,* of Columbia, *for Appellant, in Reply.*

June 22, 1976.

LEWIS, Chief Justice:

This is an appeal from an order of the lower court granting a new trial upon the facts.

The South Carolina State Highway Department (appellant) instituted these proceedings to acquire 15.48 acres of land from a tract consisting of 34.72 acres, owned by respondents, for the construction of a portion of Interstate Highway 77 in Richland County. The Board of Condemnation made no award to respondents for the taking of the land and subsequently, in a trial *de novo* in the Court of Common Pleas, a jury also found that respondents were entitled to no cash consideration, both the Board and the jury concluding that the benefits to respondents from the construction of the highway exceeded any damages sustained. Following the verdict of the jury, the trial judge granted respondents' motion for a new trial upon the facts in the following language:

"In view of the facts introduced at the trial, and after due consideration of all evidence offered, the court is of the

opinion that the verdict of the jury is contrary to the fair preponderance of the evidence and that a new trial should be granted. Accordingly, solely upon the ground that, under the evidence, justice was not done by the jury's verdict, and in the exercise of the discretionary powers of this court, it is decreed that the Landowners be, and they hereby are, granted a new trial."

This appeal is from the foregoing order. Since we find that the decision of the lower court was influenced by no error of law, the judgment is affirmed.

Much of the argument in this appeal concerns the extent of review by this Court of an order of the trial judge granting a new trial upon the facts. Appellant argues that the granting of a new trial upon the facts is discretionary and that such an order is subject to review by this Court to determine whether, under the facts, there was an abuse of discretion by the trial judge. The position is taken that the order under appeal should be reversed if this Court concludes that there was substantial testimony to support the verdict of the jury. Respondents contend, on the other hand, that an order granting a new trial, when involving questions of fact, is not appealable and that the appeal should be dismissed upon that ground.

There are many prior decisions of this Court which attempt to state the rule governing the extent to which this Court will review an order of the trial judge granting or refusing a new trial upon questions of fact. These cases may be found collected in West's South Carolina Digest, Appeal and Error, Key 110, 979. No attempt will be made to review all of the cases, but two will be mentioned to point out the basis for the respective contentions of the parties as to the correct rule.

In *Sellars v. Collins,* 212 S. C. 26, 46 S. E. (2d) 176, the Court affirmed an order granting a new trial upon the facts and stated, after reviewing prior decisions:

"It is well settled in this State that an order granting or refusing a new trial when based solely on an error of law is subject to review by this Court, *but when the order is based upon questions of fact, or upon both questions of law and fact, it is not appealable."* (Emphasis added.)

While in the case of *Scott v. Russ,* 211 S. C. 526, 46 S. E. (2d) 152, the rule was stated as follows:

"It is too well settled to admit of debate that it is within the discretion of a trial Judge to grant a new trial . . . because the verdict is against the evidence or the weight of the evidence, and that an order granting a new trial on any of such grounds will not be reviewed by this Court unless there has been an abuse of the discretion so exercised."

Our prior decisions uniformly hold that the granting or denial of a new trial upon the facts rests within the discretion of the trial judge. Most of our decisions say that such an order is not appealable; some that it is subject to review to determine whether the discretion has been abused. However, regardless of what might appear to be inconsistencies in the statement of the principles governing appellate review of the exercise of the discretion of the trial judge in such matters, the principle consistently applied in all of the cases has been that the decision by the trial judge will not be disturbed unless his finding is wholly unsupported by the evidence, or the conclusion reached has been controlled by error of law.

The foregoing principle was recognized in the recent case of *Toole v. Toole,* 260 S. C. 235, 195 S. E. (2d) 389. The "uncontroverted facts and circumstances" there showed the finding of the trial judge to be without support in the record and his denial of a motion for a new trial constituted an abuse of discretion.

While the statement in our decisions, that an order granting a new trial upon the facts is not appealable, is not correct in the sense that an appeal will not lie, it is correct in

the sense that such an order based upon conflicting testimony will not be disturbed on appeal. This latter meaning was clearly stated in *Mims v. Coleman,* 248 S. C. 235, 149 S. E. (2d) 623 as follows:

"An order granting a new trial on factual grounds is not appealable. But the question of existence or nonexistence of evidence is one of law; and to that extent such an order is subject to our review. . . . Our inquiry here must, therefore, be limited to the question of whether there was any evidence from which the jury might reasonably have inferred that respondent's injuries were proximately caused by negligence of the appellant. If that question is answered in the affirmative the appeal must be dismissed, for this court has no power to weigh conflicting evidence in a law case. But if there was no evidence of actionable negligence on the part of the appellant, there was no conflicting evidence to be weighed, and the order granting a new trial on the ground stated by the trial judge would be erroneous as a matter of law."

The record in this case shows that the testimony was in conflict on the issues of fact. Since the finding of the trial judge has support in the evidence, there was no abuse of discretion nor error of law committed in granting a new trial.

The petition of appellant, that we overrule our prior decisions in which the statement is made that an order granting a new trial upon the facts is not appealable, is denied. The statement has been uniformly used in the sense set forth in *Mims v. Coleman, supra,* and has been soundly applied to limit review in these cases to a determination of whether there was an abuse of discretion amounting to an error of law.

Appellant contends, however, that in any event the trial judge was without jurisdiction to grant the motion for a new trial since it was heard out of term time without appellant's consent.

The record shows that, after the verdict of the jury, the respondents moved for a new trial. The trial judge announced that the motion would be marked "Heard" and that he would "hear it sometime before I finish this term." He then advised the attorneys to "get together for a date."

The term ended on March 28, 1975. Thereafter, on April 8, 1975, counsel for both parties appeared before the trial judge and argued the motion for a new trial. No objection or exception was raised at the time the motion was marked "Heard," nor at the subsequent hearing, to the procedure adopted, or to the hearing of the motion after term time. The failure of counsel to object at the time of the hearing amounted to a consent or acquiescence in the procedure and a waiver of any right to now object to the jurisdiction of the court to grant the motion. *Breedin v. S. & H. X-Ray Co.,* 173 S. C. 112, 174 S. E. 913.

The final contention, that the order of the lower court was inadequate because it did not contain a review of the evidence relied upon, is without merit. We so held in *Able v. Young,* 259 S. C. 362, 191 S. E. (2d) 781.

Judgment affirmed.

RHODES and GREGORY, JJ., concur.

LITTLEJOHN and NESS, JJ., dissent.

LITTLEJOHN and NESS, Justices (dissenting):

We respectfully dissent and would reverse the order of the lower court, thereby reinstating the verdict of the jury.

This proceeding by the South Carolina State Highway Department, appellant, was instituted for the purpose of condemning 15.48 acres of land, owned by the respondents, for the construction of Interstate Highway 77 in Richland County. Our statute, §§ 33-135, 136, provides that a landowner in such a proceeding may be paid just compensation, required by the constitution, in money, or in benefits to the remainder of the property, or by a combination of the two.

There was abundant evidence warranting the jury's finding that the benefits to the landowners were greater than the losses. Accordingly, the jury found in favor of the Highway Department.

After the jury verdict had been received, counsel for the landowners made a motion as follows:

"Your Honor, we move for a directed verdict in favor of the landowner in the amount of damages as shown by them on the grounds that the preponderance of the evidence clearly shows so, and failing that, for a new trial."

Grounds for the directed verdict were asserted, but none were indicated for a new trial. The motion does not assert that a new trial should be granted because the verdict is contrary to the fair preponderance of the evidence. It does not ask the judge to invoke his "thirteenth juror" power, to set a verdict aside when the judge is dissatisfied with the justice of a case.

The matter came to be heard before the trial judge, who overruled the motion for a directed verdict but granted a new trial on the ground that "the Court is of the opinion that the verdict of the jury is contrary to the fair preponderance of the evidence and that a new trial should be granted."

Among the exceptions interposed by the Highway Department in this appeal is one as follows:

"5. The Court erred in granting a new trial, the error being that it was an abuse of discretion to grant a new trial on the ground that the verdict was against the fair preponderance of the evidence, when *no motion for a new trial was made upon that ground.*" (Emphasis added.)

In *Ulmers v. Willingham,* 238 S. C. 503, 120 S. E. (2d) 859 (1961), there was before this Court a kindred matter. Therein, the defendants moved for a new trial but no grounds were stated. The motion was denied. This Court ruled that inasmuch as no grounds for granting of the mo-

tion were stated, no question was presented. Likewise, we think that no ground for a new trial having been asserted in the lower court, it was inappropriate, as a matter of law, to grant the motion.

Assuming, without so deciding, that cases could arise wherein the judge might be justified in granting a new trial of his own volition, this simply is not such a case. The evidence fully justifies the verdict. No reason for granting the relief allowed appears in the judge's order. Even though this Court has not heretofore required the trial judge to spell out the reasons for granting the relief, such practice is clearly preferable, and we know of no reason why an order granting such drastic relief should not be full, so as to permit review.