**In re EAGLE–PICHER INDUSTRIES, INC., et al., Debtors.**

**Bankruptcy No. 1–91–00100.**

**United States Bankruptcy Court, S.D. Ohio, Western Division.**

**Oct. 16, 1996.**

Edmund J. Adams, Cincinnati, OH, Pamela B. Corrie, New York City, for Debtors.

### ORDER ON DEBTORS' MOTION FOR SUMMARY JUDGMENT—CONCORDIA COLLEGE ASBESTOS PROPERTY DAMAGE CLAIMS

BURTON PERLMAN, Bankruptcy Judge.

Concordia College filed a proof of claim with respect to asbestos property damage claims in the above-identified bankruptcy case. Concordia College is subject to the laws of the State of Minnesota. Debtor filed an objection to the claim. Debtor has filed a motion for summary judgment with respect to its objection to claim.

This court has jurisdiction of this matter pursuant to 28 U.S.C. § 1334(b) and the General Order of Reference entered in this District. This is a core proceeding arising under 28 U.S.C. § 157(b)(2)(B).

Debtor's motion for summary judgment is accompanied by an affidavit of James A. Ralston, Vice–President, General Counsel, and Secretary of debtor. The entire operative statement in Ralston's affidavit is that the debtor "did not sell any asbestos-containing insulation products from and after 1979." Debtor, in its memorandum, says that the claim of Concordia College is barred by the

Minnesota Construction Limitations Statute. Concordia College agrees with the debtor that its asbestos property damage claim is time barred.

The significance of the Ralston affidavit is that it establishes, without the need for concession by Concordia College, that, since debtor made no sales of asbestos products from and after 1979, any action by Concordia College was barred under the Minnesota Construction Limitations Statute by 1989 at the latest. Another Minnesota statute extended that date to July 1, 1990, but even by that date, it is conceded that Concordia College had failed to bring an action. Concordia College, in response to debtor's present motion, says that the reason that it did not timely file suit against debtor, "is due only to the alleged negligence of Concordia's prior attorneys in timely failing to commence a lawsuit for asbestos-related property damage." Concordia says that it has brought an action for malpractice against its former attorney because of the failure of that attorney timely to take action against debtor. Concordia now argues against debtor's present motion, that it would be inequitable not to allow it to assert a claim in this bankruptcy case, where a bar has arisen against such action only because of the failure of counsel to take action on its behalf.

The Bankruptcy Code provides at 11 U.S.C. § 502(b)(1):

§ 502. **Allowance of claims or interests**

\*    \*    \*    \*    \*    \*

(b) Except as provided in subsections (e)(2), (f), (g), (h) and (i) of this section, if such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount except to the extent that—

(1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured;

\*    \*    \*    \*    \*    \*

With respect to this provision the court in *In re Sanford,* 979 F.2d 1511, 1513 (11th Cir. 1992), said:

Bankruptcy Code § 502 governs the allowance of claims in bankruptcy. Section 502(b)(1) provides that a claim shall not be allowed in bankruptcy if it "is unenforceable against the debtor and property of the debtor under any agreement or applicable law...." 11 U.S.C. 502(b)(1) (1988). In other words, a claim against the bankruptcy estate will not be allowed in a bankruptcy proceeding if the same claim would not be enforceable against the debtor outside of bankruptcy.

*See also In re Jones,* 72 B.R. 25, 26 (Bankr. C.D.Cal.1987). Concordia College admits that a court has held that its asbestos related property damage claims are barred by the Minnesota Statute of Repose, referring to *Concordia College Corp. v. W.R. Grace & Company,* 999 F.2d 326 (8th Cir.1993). Applying then the language of 11 U.S.C. 502(b)(1), Concordia College has no basis for asserting a claim against this debtor.

■  Notwithstanding this mandate of the bankruptcy statute, Concordia College opposes debtor's motion for summary judgment on the basis that its claim should be allowed on equitable grounds. The equitable ground upon which it rests is that it is only because its attorney failed timely to assert a claim in the Minnesota State Court that its claim is barred here, and as a matter of equity that action should not stand in the way of its ability to assert a claim against debtor. Because we are dealing with a motion for summary judgment, we suppose that Concordia College asserts this argument to establish that debtor is not entitled to judgment as a matter of law. We cannot agree.

■  The law is settled that an attorney acts as the agent of his client, and his client is bound by the acts of its agent. *See Link v. Wabash Railroad Co.,* 370 U.S. 626, 633–634, 82 S.Ct. 1386, 1389–1390, 8 L.Ed.2d 734 (1962); *Universal Film Exchanges, Inc. v. Lust,* 479 F.2d 573, 576 (4th Cir.1973); *Smith v. Stone,* 308 F.2d 15 (9th Cir.1962); *Griffith*

*v. Investment Co.,* 92 Fla. 781, 110 So. 271 (1926); *Butler v. Morse,* 66 N.H. 429, 23 A. 90 (1891). Any notion that the outcome which we here reach is inequitable is dispelled by the fact that Concordia College is not left without a remedy in the present circumstances. It contends that it has a malpractice claim against its counsel, and informs the court that it is pressing that claim. This claimant therefore has no basis either in law or equity for opposing debtor's motion for summary judgment.

There being no genuine issue of material fact, and because debtor is entitled to judgment as a matter of law, debtor's motion for summary judgment is granted.

So Ordered.