12860

CHESSER v. TYGER RIVER PINE CO.

(152 S. E., 646)

357

February, 1929.

358

*Mr. J. Ashby Sawyer,* for appellant,

*Messrs. Barron, Barron & Barron,* for respondent,

*Messrs. McDonald, Macaulay & McDonald,* also for respondent,

March 18, 1930.

The opinion of the Court was delivered by MR. JUSTICE BLEASE.

This action on tort, where the plaintiff claimed both actual and punitive damages, was tried in the Court of Common Pleas of Union County before Hon. Harry Hines, Special Judge, and a jury. A verdict in favor of the plaintiff for $7,000, actual damages, resulted. The presiding Judge refused to disturb the verdict. The defendant has appealed to this Court from the verdict and judgment.

The defendant has also appealed from the order of the presiding Judge settling the case.

The respondent alleged, and he submitted evidence in support of his charges, that the appellant operated a lumber

plant. That the respondent, employed in the plant, had the duty of operating a trimming machine, which trimmed the ends of the lumber before it went into the planer. The machine was operated from a pulley attached to it, located about two and one-half feet from the ground. The power was supplied by a belt operated on that pulley, and thence to another pulley, directly above for a distance of about three feet, and from there to another pulley, a short distance above, and from that last point, the belt proceeded at an angle to a driving shaft some four feet away. The belt, as it proceeded from the pulley on the machine to the pulley directly overhead, twisted, leaving an open space between the twist and the pulley of some two feet. The belt was worn, old, and defective, and by reason of rubbing against posts had become more narrow than when originally put on, having worn some two inches. At various places on the belt were worn places with fragments exposed; and the ends of the belt were joined by hooks. Respondent had been running the machine for two weeks, or less, at the time of the accident, although he had worked about the mill at other jobs for almost two years prior. It was not respondent's duty to repair the belt. In the morning of the day on which he was injured, he complained to the superintendent of the plant, who was charged with the duty of repairing the belt, that the belt was worn, and was slipping. The superintendent told him to go ahead and wax or dress the belt to keep it from slipping, and that a new belt would be put on the following morning. The superintendent gave him a stick of wax to apply to the belt. As directed by the superintendent, respondent applied the wax on the belt once or twice during the day, doing this in the customary and proper method, which was to hold the stick of wax to the inner side of the belt just above the pulley attached to the planing machine. In the afternoon, as he was applying the wax to the belt, respondent's right thumb was caught by one of the hooks, which had come loose where the two ends of the belt joined, and his right arm was jerked

into the pulley and broken. The respondent did not know the hook was sticking out from the belt, and had no knowledge or appreciation of the danger involved in obeying the orders of the superintendent, upon whose judgment he relied in applying the wax to the belt. Respondent's right arm is practically useless, due to the failure of the bones to knit. He has had much medical attention, and physicians have advised him that an operation and much further treatment are necessary to restore his arm to anything like normal condition, and they cannot assure him that the operation will be a success; and it is likely that the respondent has been permanently injured for life.

·The appellant pleaded a general denial, contributory negligence, and assumption of risk, and offered evidence in support of its pleas.

In making up the case for appeal, the appellant's counsel included the charge of the trial Judge, as it was furnished to him by the Court stenographer. The respondent claimed that the transcript furnished by the stenographer showed several errors, and, in proposed amendments to the case for appeal, included amendments correcting these alleged errors. His Honor, the Special Judge, in his order settling the case, granted the amendments proposed by the respondent, holding therein that the stenographer had made several errors in reporting his charge. The appellant still insists that the stenographer was correct and the presiding Judge was wrong. We are bound by the decision of the trial Judge. See *Kneece v. Hall,* 138 S. C., 157, 135 S. E., 881. We may say in passing, however, that an examination of the entire record is rather convincing to us that the stenographer did not correctly report the Judge's charge. Some of the errors are so palpable as to make this conclusion certain. This, of course, is no reflection on the stenographer, for long experience and observation assure us that the best stenographers, even the Court stenographers, make mistakes occasionally. As some comfort to the stenographer who reported

this case, the writer may say to him that even the great W. H. Macfeat, the official stenographer of the old Fifth Circuit, who had the reputation for many years of being the most expert of all Court reporters in South Carolina, admitted once, at least, a bad error. In his transcript, the dropping of one little character changed entirely the meaning of an important instruction in a homicide case, and the life sentence imposed upon the writer's client was affirmed when the trial Judge said the stenographer's report of his charge was incorrect. The exceptions to the order of the presiding Judge must be overruled.

Several of the exceptions of the appellant in its main appeal are founded upon instructions given to the jury by the presiding Judge, as the language thereof was set forth in the transcript furnished by the stenographer. We are considering those exceptions according to the language the presiding Judge has said he used.

The first exception charges error, because the jury was instructed as follows:

"Now, the Supreme Court says here, speaking of negligence, 'A failure to exercise due care is negligence under the law, such negligence when the proximate cause of the injury received entitles the injured parties to actual damages for the injury. A conscious failure has been repeatedly held by the Court to warrant a jury to give not only actual damages but punitive damages as well.' That is a citation of the case of *Wannamaker v. Traywick,* 136 S. C., 21, 134 S. E., 234.

"So, the Supreme Court, gentlemen of the jury, has laid that down as the rule about negligence. No, I think you ought to know about negligence by this time," etc.

The charge quoted, taken in connection with the whole charge, was absolutely correct under the authority of the case cited by the trial Judge, which is also reported in 134 S. E., 234.

The appellant thinks the Judge used the word "as" instead of the word "when," and that he left out the word "actual" between the word "to" and the word "damages." Even if the charge was given as the appellant thinks it may have been given, we do not see how any harm resulted to the appellant. Other instructions given by the Judge distinguished properly between actual and punitive damages. We are thoroughly convinced that the jury could not have been misled, even if the Judge failed to use the word "actual," for the reason that the verdict against the appellant was for only actual damages and no punitive damages were awarded.

The second exception imputes error because of the following instructions: "If a man does assume the risk ordinarily incident to his employment he doesn't assume any risk that is not ordinarily expected to be assumed by the ordinary man of prudence and foresight. I think I have already charged you, gentlemen, a servant has the right to assume the master will keep his appliances in reasonably safe condition, the servant has the right to assume that because that is the duty the law puts on the master, and the servant has a right to assume the master will abide by the law. Now, of course, gentlemen of the jury, if a servant in a place that is hazardous should see some patent, obvious, outstanding danger, have knowledge that if he did something there, there was some obvious patent danger there, and he went ahead and did it anyhow, he just threw caution to the winds and went ahead and did it anyhow, why the law says you knew that was an unusual or dangerous thing to do, and you could have avoided injury to yourself by not doing it. That is that (so?) although the law requires the master to furnish reasonably safe appliances to his servant, and maintain it in reasonably safe condition, but that if the appliances would get out of order and become dangerous and the servant saw it was unusual, dangerous, so if he did some particular thing that was going to result in injury to him, went ahead and did it anyhow, why the law will say as a prudent

man you ought not have done such a thing as that because it was obvious to you you would get hurt if you did so."

We see no error in the charge as complained of by the appellant, when the language of the instruction is considered in connection with the entire charge. In fact, we think the appellant's exception was based upon somewhat different language, as reported to its counsel by the stenographer. The charge, as we have quoted it, is in accord with the order of the trial Judge in settling the case.

Exceptions 4, 5, 6, 7 and 8 will be reported, and these, with the second exception, are considered together. The main instructions to the jury, which the appellant imputes as having been erroneous, related to the assumption of risk and contributory negligence. The real complaint, as we understand it, against these instructions is that they were not applicable to the issues. We think it was proper for the Judge to give all these instructions. The evidence in the case called for them. The difficulty, we apprehend, on the part of the appellant, is that the instructions do not correspond with its theory of the case. They were in accord, however, with the theory of the respondent. It was the duty of the presiding Judge, in charging the jury, to instruct them as to the law applicable to the case, not only from the theories of the appellant, but from the contentions of the respondent as well. The instructions, in our opinion, are amply supported by the following authorities: *Hopkins v. Southern Cotton Oil Co.*, 144 S. C., 395, 142 S. E., 615; *Kell v. Rock Hill Fertilizer Co.*, 123 S. E., 199, 116 S. E., 97; *Barnhill v. Cherokee, etc., Co.*, 112 S. C., 541, 100 S. E., 151; *Chase v. Electric Co.*, 64 S. C., 212, 41 S. E., 899.

The third exception was abandoned by the appellant in its argument.

At the request of the respondent, the Judge charged the jury as follows: "The jury are instructed that if they believe from the testimony that the defend-

ant is liable to the plaintiff for damages, then in estimating such damages you may take into consideration the following elements: Loss of time to the plaintiff, if any, the physical and mental pain and suffering which plaintiff has already endured by reason of such injury, if any; and also that which is reasonably certain will of necessity result in the future from such injury; the impairment of health resulting from such injury, if any; the pecuniary loss sustained up to the trial of this case by reason of such injury, if any, and the pecuniary loss due to incapacity to earn in the future, if any."

By its ninth exception, appellant says that the charge was erroneous for two reasons: First, that the charge failed to limit pecuniary loss due to incapacity to earn in the future, if any, to such damages as it is *reasonably certain will of necessity result in the future,* if any such; and, second, that the charge is not sustained by the case of *Cutter v. Lumber Co.,* 99 S. C., 231, 83 S. E., 595.

The charge as given by the Judge seems to have been taken from the language of the presiding Judge used in the *Cutter case.* We think the appellant is correct that the Court did not decide in that case that the charge was good law. Indeed, it does not seem that the appellant there raised any objection to the charge. But there was no error on the part of the trial Judge in charging the instruction, if the legal principles contained therein were sound and were applicable to the facts of the case.

As to the first objection made by the appellant, it is our opinion that it is disposed of by the recent case of *Shramek · v. Walker,* 152 S. C., 88, 149 S. E., 331, 337. As in the *Shramek case,* there was no request for any further instruction. As said by Mr. Justice Cothran, in the *Shramek case:* "We cannot think that the jury was led into the realm of conjecture." We find no error in the charge.

The tenth exception of the appellant complains that the trial Judge refused to charge the following request of the appellant: "I further charge you that it is a well-established rule that contributory negligence to any extent will always defeat a recovery." Instead of charging as requested, the jury were instructed as follows:

"Yes, gentlemen, if the plaintiff is guilty of contributory negligence his negligence combining and concurring with the negligence of the defendant as a proximate cause of the injury, that would defeat his right to recover."

"If the plaintiff was negligent, and the defendant was also negligent, and the negligence of the plaintiff combined and concurred with that of the defendant to cause the injury as a proximate cause thereof, the plaintiff could not recover on the cause of action for negligence."

The ground of this exception is that the modification of the request amounted virtually to a total refusal of the same. The charge, as given by the Judge, was a correct statement of the law. The request of the appellant was not full enough. The Judge very properly could have refused the entire request, on the ground that it did not go far enough. When he modified the request so that he could charge some of the law the appellant desired to have him charge, he was aiding the appellant in a liberal and fair manner to present its request to the jury, and appellant cannot rightfully make complaint thereabout.

The appellant presented the following request: "In this connection, I charge you further, that the doctrine of comparative negligence does not prevail in this State; therefore, you cannot consider any question as to which, the plaintiff or the defendant, is the more negligent. If you find from the testimony in this case, that the plaintiff's negligence, as I have defined negligence to you, contributed in any degree to his alleged injury and damage, then he cannot recover at your hands." Between the word "damage" and the word "then," the presiding Judge inserted these

words: "As the (a) proximate cause thereof." The appellant, by its eleventh exception, urges that the modification had the effect of creating the impression in the minds of the jury that the appellant's request was not a full, frank, and complete statement of the law, and thereby the appellant's position was discounted before the jury. There seems to be no complaint on the part of the appellant that the modification was proper, and we are clearly of that opinion. The Judge was right in modifying the request when he thought it needed modification.

In its twelfth exception, appellant claims that the Judge erred in failing to charge its ninth request to charge, or to say whether he would charge the same or refuse to charge it. The trouble with the exception is that the Judge has said that he charged the request. The charge, as it appears in the transcript of record, shows that the ninth request of the appellant was charged. It seems to us that the Judge read the request to the jury, but that he made no comment thereon. The appellant certainly has no right to complain that the Judge read its request to the jury as a part of his charge, just as the appellant submitted it, without any remarks as to the instruction. If the appellant's counsel thought at the time that there was any doubt as to the instruction being given, he should have called the matter to the attention of the Judge.

The thirteenth exception sets up error on the part of the trial Judge in refusing to grant the appellant's motion for a new trial, on the grounds that the verdict was wholly unsupported by the evidence, that it was so excessive as to justify the inference that it was capricious, or was influenced by passion, prejudice, or other considerations not found in the evidence. The matter of granting a new trial on these grounds, and the matter of reducing a verdict in a case of this kind, are left, under our law, to the discretion of the trial Judge, who hears the evidence, sees the witnesses, and who is in much better position than this

Court to judge of the righteousness of verdicts. In truth, as this Court has often pointed out, we have little, if any, power to correct unjust verdicts. The exception under consideration does not disclose any legal error that the trial Judge committed.

We have endeavored to cover all the exceptions, and we think we have done so. We have examined the entire record carefully and find no error of law.

The judgment of this Court is that the judgment appealed from be, and the same is hereby, affirmed.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES COTHRAN, STABLER and CARTER concur.