### 16366

**FALLON v. RUCKS ET AL.**

(60 S. E. (2d) 88)

*Messrs. Meyer, Goldberg & Hollings,* of Charleston, *for Appellant,*

*Messrs. Hagood, Rivers & Young,* of Charleston, *for Respondents,*

June 9, 1950.

STUKES, Justice.

This appeal concerns only the form and receipt of the verdict in a suit upon two causes of action for personal injuries and property damage which resulted from a collision between plaintiff's automobile and the defendant tractor and trailer. Neither the pleadings nor the evidence appear in the record but the latter discloses that actual and punitive damages were demanded in the amount of $1,000.00 upon the first cause of action and $2,000.00 upon the second cause of action, and costs and disbursements.

The jury returned a verdict which the clerk did not publish but handed to the trial judge for inspection. It was for the full amount sued for and costs without specifying whether for actual or punitive damages. The judge called counsel to his desk and conferred with them thereabout without the hearing of the jury. He concluded to inquire of the foreman the nature of the verdict, to the receipt of which defendants' counsel objected because it did not conform to the charge of the court with respect to the differentiation of the damages awarded. Neither counsel objected to the proposed procedure.

The stenographic record from that point is here reproduced:

"The Court: I am going to ask you a question, Mr. Foreman and gentlemen of the jury: Do you mean that you find one thousand dollars actual damages on the first cause of action, or are there any punitive damages in there?

"The Foreman: One thousand dollars actual.

"The Court: On the second cause of action do you mean to find actual damages or actual and punitive damages?

"The Foreman: Actual and punitive, your Honor.

"The Court: Did you discuss the question of actual and punitive damages? Don't tell me what your discussion was, but did you intend to find a certain amount of punitive damages?

"The Foreman: No, sir; I don't believe that was discussed. We brought in the verdict according to the counts.

"The Court: What I want to know is, on the second cause of action, is that just actual damages, or do you intend part of that as actual damages and part punitive damages?

"The Foreman: The first count is actual, the second count is punitive.

"The Court: Punitive solely?

"Mr. Meyer: May it please the Court, I would suggest, in view of the statement of the foreman, that the jury be permitted to return to their room, and that they be instructed to find actual and punitive damages on the second cause of action or just actual.

"Mr. Rivers: If your Honor please, the jury has already said they didn't find any actual damages on the second count.

"The Court (To the jury) : I want to ask you to go back to your room, gentlemen, and come back and tell me whether you intended to find actual and punitive damages on the second cause of action, and if so, how much of each. As I said before, actual damages are for the purpose of compensating one for pain and suffering, etc. Punitive damages are for punishing, not for compensating. It is a 'whip', as one judge used to say. Now, take the pleadings and go back to your room, and state on the complaint if you intend to find actual and punitive damages on the second cause of action, or just actual. If you intend to find both, say how much of each.

"Mr. Meyer: May it please the Court, I would ask you to charge the jury that they cannot find punitive damages on the second count unless they find actual damages.

"The Court (To the jury) : That is correct, gentlemen. You can't punish a man unless you find he has done wrong in the first place. (The jury retires at 7:50 o'clock, P. M., and returns at 8:00 o'clock, P. M., and the foreman, upon

being asked by the Clerk if they had agreed upon a verdict, stated that they had, and the verdict, before publication, is again submitted to the Court for inspection, and the Court having inspected the verdict, stated as follows:)

"The Court: Now, with counsel's permission, the first verdict I am going to strike out, because it has been reformed, I am going to let the Clerk publish the last verdict that was signed, Mr. Rivers.

"Mr. Rivers: I haven't seen it, your Honor.

"The Court: Well, I don't mind your looking at it.

"Mr. Rivers (after having inspected the verdict) : I think the first cause of action should state actual damages.

"The Court: Is that agreeable for me to write actual damages in there, Mr. Rivers?

"Mr. Rivers: Yes, sir. (Whereupon, the verdict is published as follows)

"Verdict: We find on behalf of the Plaintiff One Thousand Dollars actual damages on the first cause of action: We find on behalf of the Plaintiff Two Thousand Dollars actual damages on the second cause of action. (Whereupon, the jury is discharged by the Court from further consideration of the case.)"

The following is quoted from the agreed transcript for appeal:

"When the jury came out from the jury room the first time and handed the Clerk of Court the Complaint, upon which was written the following verdict: 'We find on behalf of the plaintiff one thousand dollars on the first cause of action. We find on behalf of the plaintiff Two Thousand Dollars on the second cause of action. We find on behalf of the Plaintiff the costs and disbursements of these actions. Nolly J. Sams, Jr., Foreman,' the Clerk did not immediately publish the verdict, but called it to the attention of the Trial Judge. The Trial Judge called both counsel up to the Judge's

rostrum and gave them an opportunity to inspect the verdict. Counsel for the Defendants objected to the receipt of the Verdict as written because it did not conform to the Judge's charge. The Judge then stated to counsel for both sides that he thought that he would ask the jury whether they intended to find only actual damages on each count or whether they intended to find both actual and punitive damages on each count and asked whether or not there was any objection to that. Both sides stated that they had no objections. Counsel then returned to their seats in the Court Room and the Judge proceeded to question the jury.

"The first verdict was marked 'void' M. M. Mann, Presiding Judge, and the second verdict as finally returned appears on the Complaint as follows: 'We find on behalf of the Plaintiff One Thousand Dollars actual damage on the first cause of action. We find on behalf of the Plaintiff Two Thousand Dollars actual damage on the second cause of action. We find on behalf of the Plaintiff the costs and disbursements of these actions. Nolly J. Sams, Jr., Foreman.'

"The verdict when published by the Clerk was published in the usual and customary manner and after publication the Clerk asked the panel of jurors the usual question 'Is that your verdict, so say you all'. There was no dissent. The Clerk in publishing the verdict did not read to the jury and publish so much of the verdict as read 'We find on behalf of the Plaintiff the costs and disbursements of these actions' because Judge Mann instructed the Clerk that it was unnecessary to publish that portion of the verdict."

After the discharge of the jury defendants gave notice of motion for judgment *non obstante veredicto* or for new trial which the judge later heard and ordered a new trial, from which the appeal stems. All grounds of the motion were overruled except that, in the words of the order, "which challenges the correctness of the form of the verdict." This was the fourth ground, as follows: "That the verdict of the jury as at first rendered for actual damages only on the first

count and punitive damages only on the second count should have been entered as rendered. That this verdict is not a proper verdict and cannot stand and should be set aside and a new trial granted."

Defendants did not appeal from the order. They submit grounds to support it (rule 4, sec. 7, of this court) which first object to the validity of the original verdict, which it is now contended should have been published, and, second, that the fact of the verdict for the full amount sued for and costs demonstrates passion and prejudice on the part of the jury on which account new trial should have been ordered. This second ground was not urged in the brief and may properly be considered to have been abandoned. Indeed, defendants state but one question, *viz.:* Was the trial judge guilty of an abuse of discretion in granting a new trial? And the prefatory statement of the brief makes clear defendants' position on appeal, as follows: "Immediately after the discharge of the jury counsel for Defendants moved for a new trial on the minutes, for judgment for Defendants *non obstante veredicto,* and for a new trial because the jury had first found punitive damages only on the second count and actual damages only on the first count."

In view of the foregoing it should be noted that there was inconsistency in the replies of the foreman to the judge's questions relating to the original verdict on the second cause. See record, *supra.*

Controversy arose with respect to the contents of the record for appeal. There is no exception to the result of it which was pertinent to the controversy. However, the order included apparent attempt to bolster the former order whereby new trial was granted and appellant complains of that by appropriate exceptions. It appears that the matter objected to in this supplemental order is not material to disposition of the appeal and need not be further considered. It added nothing in substance to the former order and whether the attempt was proper need not be decided. It

was appropriate to print as an appendix to the record the affidavits of the officers of the court which were before the judge on this occasion because the contents of them corroborated the trial record and are not contradicted by any finding of the judge.

The problem presented by the original failure of the jury to distinguish the nature of the damages included in the verdict was close to that recently considered by this court in *Limehouse v. Southern Ry. Co.,* S. C., 58 S. E. (2d) 685, and our earlier relevant cases were there cited and discussed, with renders unnecessary present review of them. The rule deducible from these authorities is that upon rendition of a verdict which is improper in form, objection must ordinarily be immediately made in order to save the point of either litigant thereabout. Here the court raised objection before publication of the verdict and the record is clear that counsel consented, impliedly if not expressly, that the case be resubmitted to the jury after further instruction. That course was followed and the jury reformed the verdict, thereby removing the objection. It was said in the Limehouse opinion, page 689 of the S. E. report, that it was unnecessary to determine in that case whether upon publication of the verdict, the court was empowered to require the jury to reconsider the case so as to bring in a proper verdict. Here incidentally, the objectionable verdict was not published, but was inspected and discussed by the court and counsel, at the invitation of the judge, without the hearing of the jury. More important, and conclusive, is that there was reconsideration and amendment of the verdict by the jury by consent of all. We cannot avoid the conclusion that whatever error in the verdict there may have been was effectively cured and no ground remained for complaint by respondents. They should not have been heard to complain of contended error which had already been corrected with their consent. The court erred in granting new trial upon the alleged error in the form of the original verdict, and that

is all that is embodied in the appeal. "A jury's verdict should be upheld when it is possible to do so and carry into effect what was clearly the jury's intention." *Joiner v. BeVier,* 155 S. C. 340, 152 S. E. 652, 656.

The decisions cited by respondents have been carefully considered. They are: *Wood v. Atlanta and Charlotte Air-Line Railway Company,* 19 S. C. 579; *Stuckey v. Atlantic Coast Line R. Co.,* 57 S. C. 395, 35 S. E. 550; *Hanks v. Ivester,* 175 S. C. 401, 179 S. E. 618; and *Worrell v. Power Co.,* 186 S. C. 306, 195 S. E. 638.

These cases typify the power of a trial judge to grant a new trial absolute or *nisi* in a law case upon his disapproval of the verdict on factual grounds. The power has often been said to be inherent and it is expressly authorized by the terms of secs. 34 and 605 of the Code. It is an essential discretion of a trial court which this court does not possess under the present constitution. See the decisions in the footnotes to the cited Code sections.

But the discretion is founded upon the facts, the evidence, the witnesses, the trial circumstances, the verdict and the judge's view of them, hence his sometime designation as the thirteenth juror. No such element is present in the case at bar. Proper grounds were laid in respondents' motion for new trial to call into play discretionary power to grant it, but the judge overruled them; and he granted it only upon the wholly untenable ground of objection to the verdict's form before it was amended by the jury upon resubmission by consent. Judicial discretion was not involved. Its purported exercise was error.

The order is reversed and the case remanded for entry of judgment upon the verdict.

FISHBURNE, TAYLOR and OXNER, JJ., and E. H. HENDERSON, A. A. J., concur.

BAKER, C. J., not participating.