19495

Patricia Lynn ABLE, Respondent, v. Jesse YOUNG, Appellant
(191 S. E. (2d) 781)

*Messrs. Nelson, Mullins, Grier & Scarborough,* of Columbia, *for Appellant,*

*Luther M. Lee, Esq.,* of Columbia, *for Respondent,*

October 4, 1972.

*Per Curiam:*

This case arose out of a collision between automobiles at an intersection in the City of Columbia. The jury returned a verdict for the defendant, and the trial judge granted a new trial, quoting from the order, "on the ground that the verdict is contrary to the greater weight of the evidence and on the basis that justice was not accomplished in this case and that it should be tried again before another jury. . . . I hesitate to set aside the verdict of the jury, but I am convinced that this is one of the rare cases in which I, as the Trial Judge, should exercise my authority as the thirteenth juror. To allow the jury's verdict to stand in this case would be a miscarriage of justice." The defendant has appealed.

It is settled by our decisions that an order for a new trial based upon a consideration of the evidence by the trial judge, and a conclusion therefrom contrary to that of the jury, is not appealable. *Strickland v. Prince,* 247 S. C. 497, 148 S. E. (2d) 161 (1966); *Robinson v. Fuller,* 249 S. C. 342, 154 S. E. (2d) 431 (1967); *Rowe v. Frick,* 250 S. C. 499, 159 S. E. (2d) 47 (1968); *Sellers v. Sears Roebuck & Co.,* 252 S. C. 271, 166 S. E. (2d) 1 (1969); *Taylor v. Devore,* 253 S. C. 393, 171 S. E. (2d) 158 (1969).

Able counsel for defendant argue that the rule does not apply because it appears upon the face of the order that it was based upon an incomplete resume of the testimony, including some irrelevant facts. While the order is, in part, ineptly drawn, it clearly appears therefrom that relief was granted in the exercise of the court's authority and responsibility to grant a new trial when the jury's verdict is, in his judgment, contrary to the fair preponderance of the evidence. Under the decisions cited, and myriad others to be

found in 3 West's South Carolina Digest, Appeal and Error, Key No. 110 (1952), such an order is not appealable.

Appeal dismissed.