20251

**The SOUTH CAROLINA STATE HIGHWAY DEPARTMENT,**
Appellant, v. TERRAIN, INC., Respondent.
(227 S. E. (2d) 184)

188

Messrs. Daniel R. McLeod, Atty. Gen., A. Camden Lewis and Donald V. Myers, Asst. Attys. Gen., and William F. Austin, of Columbia, for Appellant,

*Messrs. Robinson, McFadden, Moore & Pope,* of Colum-
bia, *for Respondent,*

July 9, 1976.

GREGORY, Justice:

This is an appeal of a condemnation case from the Order of the Honorable James B. Morrison granting the landowner a new trial. The basic issue on appeal is whether the three contiguous, but independently acquired parcels of condemned land constitute one tract so that benefits must be offset against damages or whether the parcels are independent so that benefits to one parcel may not be offset against damages to another parcel. Finding the trial judge controlled by an error of law, we reverse the order of the trial judge granting a new trial.

On October 1, 1974 the Board of Condemnation, by its resolution, made an award for the taking of approximately 60.43 acres of land from a tract consisting of 571.07 acres. The landowner timely appealed from said Board award, and the case was tried *de novo* before Judge Morrison and a jury in the Richland County Court of Common Pleas beginning on January 28, 1975.

The purpose of the condemnation was for the construction of a portion of Interstate Highway 77 in Richland County, the termini for said Interstate Highway being Columbia, South Carolina and Cleveland, Ohio. A four-way diamond interchange for Interstate 77 and S. C. Road 59 will be constructed on a portion of the condemned land, and one of the quadrants of this interchange will abut the landowner's remaining property.

Respondent's 571.07 acre tract consisted of three contiguous parcels a portion of each which was condemned. Although the parcels were not purchased at the same time, Terrain, Inc., (respondent herein) owned all three parcels as of the date of condemnation. The exhibits used during the trial identified these parcels as follows: Parcel 11 consisting of 11.1 acres before the take and 11.08 acres after (.02 acres taken) ; Parcel 12 consisting of 5.47 acres before and 4.87 acres after (.6 acres taken) ; Parcel 14 consisting of 554.5 acres before and 494.69 acres after (59.81 acres taken).

The landowner presented two real estate witnesses who testified that just compensation was $199,500.00 and $194,-750.00, respectively. However, both of these appraisers testified that they appraised only Parcel 14 in making their reports. Parcels 11 and 12 were not included in their appraisals even though each admitted that the Highway Department had condemned land from Parcels 11 and 12. On cross-examination they admitted that 11 and 12 would be benefited by the construction of Interstate 77.

The Highway Department moved to strike the testimony of the two real estate appraisers introduced by the landowner on the ground that they did not appraise the entire tract of land, omitting Parcels 11 and 12 in testifying to compensation. The Court overruled the motion.

The Highway Department presented three witnesses: its construction engineer for the project and two appraisers. Both appraisers testified that the benefits to the remaining property exceeded the value of the property taken, plus any special damages to the remainder ($45,000.00 and $35,-894.00 benefits respectively). The Highway Department appraisers included all three parcels in their appraisals and testimony, treating them as one entire tract of land.

Neither the trial judge nor the jury viewed the premises. The Court instructed the jury that the value of the land taken, plus any special damages to the remaining property should be reduced by the value of any benefits proven by the Highway Department. The jury returned a verdict for the landowner in the amount of Three Thousand Six Hundred ($3,600.00) Dollars. The landowner's attorney made a motion for a new trial.

A hearing was had on the motion February 6, 1975 whereupon the attorneys for the landowner contended that the verdict was not supported by the evidence and no one testified to the figure returned by the jury. In his Order of July 3, 1975 the trial judge granted the landowner a new trial based on his opinion that the "verdict of the jury is not supported by the evidence and is against the preponderance and weight of the evidence."

It is well settled that when the whole or part of a particular tract of land is taken for public use, the owner of such land is not entitled to compensation for damages to separate and independent parcels belonging to him which results from the taking. Nichols on Eminent Domain (3rd Ed.), Sec. 14.3, p. 426; *Sharpe v. United States,* 191 U. S. 341, 24 S. Ct. 114, 48 L. Ed. 211 (1903).

Section 33-136 of the South Carolina Code of Laws of 1962 provides that (where a portion of a tract is condemned) the benefits to be derived by reason of proposed road construction shall be taken into consideration and due allowance made therefor. It follows that when the State takes land for highway purposes, it is not entitled to offset benefits to *separate* and *independent* parcels against damages to the condemned parcel.

On the other hand, if the parcels are in reality one tract, damages to one portion of the tract may be offset by benefits to other portions. As such, it becomes a vital issue in cases such as this whether contiguous parcels constitute one, or several, independent tracts.

Ordinarily, the determination of whether two or more parcels constitute one tract for the purpose of offsetting damages with benefits to the remaining property received as a result of the public improvement is one of law for the Court. Only where there is a factual doubt as to use, contiguity, or common ownership depending on conflicting evidence may the Court submit the issues to the jury. 6 A. L. R. (2d) 1207 and cases there cited.

In the case at bar, all three parcels were indisputably united in ownership, physical proximity and use. Both the Highway Department appraisers and those of the landowner testified that no actual present use was being made of the parcels at the time of condemnation, but that the owners were holding the land for future development. Unity of use for purposes of determining whether parcels constitute one tract for purposes of offsetting damages with benefits or for purposes of awarding consequential damages to other parcels must be a present use and not a mere intended one. The mere possibility of adaptability to different uses does not render segments of land separate and independent. *Barnes v. N. C. State Highway Commission,* 250 N. C. 378, 109 S. E. (2d) 219 (1959).

Testimony as to differing uses referred to the future development of the parcels, all appraisers concurring that the highest and best use of Parcels 11 and 12 is commercial and the best use of Parcel 14 is residential development. Such testimony went to the question of proper valuation of the property, *S. C. State Highway Department v. Bolt,* 242 S. C. 411, 416, 131 S. E. (2d) 264, but it was not relevant in the determination of whether the parcels were to be considered as one tract for the purpose of offsetting damages with benefits.

It, thus, became a matter for the Court to determine that Parcels 11, 12 and 14 were to be considered as one tract and that benefits to Parcels 11 and 12 should be deducted from damages to 14. The trial judge's refusal to so rule was an error of law.

It is apparent from the trial judge's refusal to strike the testimony of the landowner's appraisers who appraised only the damaged parcel, omitting figures on the tracts they admitted were benefited by the highway construction, that he was controlled by this error.

It is explicit from the judge's exchanges with counsel on requests to instruct the jury that he considered the element of use a jury issue.

"The Court: Well, that in determining the question of *whether or not there is unity of use that all of the tracts pertaining to the acquisition and use of the land should be considered by them because that's what they are reaching for.* I can't charge this because I have ruled. I may be completely wrong, but I think there's enough evidence to go to the jury on that question and as such that would be entirely inconsistent with what I have told them so far. That wouldn't be leaving them anything to decide. If I charge them this then I ought to direct the jury not to consider, to take the benefits and deduct it from it." (Emphasis supplied.)

It is inescapable that the judge was still controlled by the same error in his decision to grant a new trial on the grounds that "the verdict of the jury is not supported by the evidence and is against the preponderance and weight of the evidence."

The only testimony offered on behalf of the landowner was incompetent and inadmissible as the appraisals commissioned by them did not take into consideration the entire tract of land condemned. The only admissible testimony was that on behalf of the South Carolina Highway Department and that was to the effect that the benefits to Parcels 11 and 12 exceeded damages to Parcel 14 in excess of Thirty-Five Thousand ($35,000.00) Dollars. As such the trial judge was correct in his view that the verdict was against the evidence; however, the prejudicial error was committed against the South Carolina Highway Department, not the respondent.

Ordinarily, the order of a trial judge granting a new trial on the ground that the verdict is contrary to the evidence is nonappealable. However, when it is manifest that the order for the new trial is founded upon a fundamental error of law, it is axiomatic that this Court may review the decision.

We do not find it necessary to rule on appellant's other exceptions.

Reversed and remanded for entry of judgment in favor of the landowner, Terrain, Inc., in the amount of Three Thousand Six Hundred ($3,600.00) Dollars.

LITTLEJOHN, NESS and RHODES, JJ., concur.

LEWIS, C. J., dissents.

LEWIS, Chief Justice (dissenting) :

Respondent acquired the property involved in three parcels, referred to as Tracts 11, 12 and 14. Tracts 11 and 12 contain in the aggregate approximately sixteen and one-half acres and were purchased about six (6) months prior to the

taking, and after the location of the highway was known, for the purpose of access to the much larger Tract 14, at a price considerably in excess of their value.

The majority holds the testimony of respondent's appraisers incompetent and irrelevant upon the ground that the three parcels owned by respondent constituted one tract, as a matter of law, for the purposes of determining just compensation. It is then concluded that the trial judge, in considering this testimony, was in error and his decision to grant a new trial was accordingly influenced by an error of law.

All appraisers testified as to the differing uses of the parcels agreeing that the highest and best use of Tracts 11 and 12 was commercial and that of Tract 14 was for residential development. All appraisers agreed that the benefits to Tracts 11 and 12 exceeded the damages; but disagreed as to the assessment of damages to Tract 14. It is clearly inferable however that, but for the purchase of Tracts 11 and 12 by respondent for access after the location of the highway, the damages to Tract 14 would have exceeded any benefits to that tract.

Under the foregoing circumstances, I do not think that it can be soundly held, as a matter of law, that the three parcels must be considered as one tract in assessing just compensation. I, therefore, respectfully dissent.