21275

SOUTH CAROLINA DEPARTMENT OF HIGHWAYS AND PUB-
LIC TRANSPORTATION, Appellant, v. Tallulah M. MOONEY-
HAM, Respondent. SOUTH CAROLINA DEPARTMENT OF
HIGHWAYS AND PUBLIC TRANSPORTATION, Appellant,
v. James CUTTINO, Jr., Respondent. SOUTH CAROLINA DE-
PARTMENT OF HIGHWAYS AND PUBLIC TRANSPORTA-
TION, Appellant, v. DOLPHIN, INC., Respondent (3 cases).
(269 S. E. (2d) 329)

*Atty. Gen. Daniel R. McLeod* and *Asst. Attys. Gen. M. Richbourg Roberson* and *L. Kennedy Boggs,* Columbia; and *John W. Chappell* and *Wade S. Kolb, Jr.,* of *Nash, Chappell & Wilson,* Sumter, *for appellant.*

*Robert W. Brown,* of *Weinberg, Warner, Brown & Mc-Dougall,* Sumter, *for respondent Mooneyham; M. M. Weinberg, Jr.,* and *Robert W. Brown,* Sumter, *for respondent Cuttino;* and *Henry B. Richardson* and *George C. James,* of *Richardson, James & Player,* Sumter, *for respondent Dolphin, Inc.*

July 28, 1980.

GREGORY, Justice:

The Department of Highways and Public Transportation appeals from orders granting the landowners new trials

absolute in each of these three land condemnation cases. Since the issue is the same the appeals have been consolidated. Following each verdict counsel for the landowner moved for and was granted a new trial absolute on the ground the verdict was contrary to the fair preponderance of the evidence. We affirm.

The axiom that an order granting a new trial upon the facts is not appealable

". . . has been soundly applied to limit review in these cases to a determination of whether there was an abuse of discretion amounting to an error of law."

*South Carolina State Highway Department v. Clarkson,* 267 S. C. 121, 226 S. E. (2d) 696, 698 (1976).

What is an abuse of discretion in these cases amounting to an error of law? Such an abuse has been found in our prior decisions where the order granting a new trial is without evidentiary support, see, e. g., *Watford v. South Carolina State Highway Department,* 269 S. C. 130, 236 S. E. (2d) 558 (1977), or founded upon a fundamental legal error. See, e. g., *South Carolina State Highway Department v. Terrain, Inc.,* 267 S. C. 186, 227 S. E. (2d) 184 (1976).

An order granting a new trial upon the facts was, heretofore, not disturbed if the evidence and testimony are in conflict so that the trial judge's ruling has support. *Dent v. Redd,* 270 S. C. 585, 243 S. E. (2d) 460 (1978) ; *Clarkson, supra,* and cases cited and annotated therein; see also 4 C. J. S., *Appeal and Error,* § 123 at page 390.

When the question is, thus, the existence or absence of supportive evidence such an order is subject to our review for a consideration of that question of law only. *Mims v. Coleman,* 248 S. C. 235, 149 S. E. (2d) 623 (1966) ; *Clarkson, supra.* This is what we have meant in saying an order granting a new trial upon the facts is not appealable: our inquiry is clearly delimited.

The majority in *Clarkson* affirmed an order granting a new trial since the finding of the lower court had evidentiary support. Similarly, a majority joined in reversing an order granting a new trial where the lower court's decision was without evidentiary support. See *Watford, supra.* And we have unanimously affirmed the granting of a new trial where there is conflicting evidence on the issues of fact. See *Dent v. Redd, supra.*

We believe the above principles are harmonious, and have been uniformly applied to the end of consistency in result. As noted by Chief Justice Lewis in *Clarkson, supra:*

"Our prior decisions uniformly hold that the granting or denial of a new trial upon the facts rests within the discretion of the trial judge. Most of our decisions say that such an order is not appealable; some that it is subject to review to determine whether the discretion has been abused. However, *regardless of what might appear to be inconsistencies in the statement of the principles governing appellate review* of the exercise of the discretion of the trial judge in such matters, the principle consistently applied in all of the cases has been that the decision by the trial judge will not be disturbed unless his finding is wholly unsupported by the evidence, or the conclusion reached has been controlled by error of law." (emphasis added) 226 S. E. (2d) at 697.

We have no trouble finding evidentiary support from the conflicting testimony in each of the three cases here consolidated. A dissertation of the evidence would serve no useful purpose. Accordingly, we affirm the orders granting new trials under the authority of our prior cases.

Affirmed.

LEWIS, C. J., and HARWELL, J., concur.

LITTLEJOHN and NESS, JJ., dissent.

LITTLEJOHN and NESS, Justices (dissenting) :

The opinion printed below was prepared for adoption by the entire court. A majority having now taken the contrary view, the same, with minor modifications, is now printed as our dissent.

In this opinion we deal with three land condemnation cases tried separately before juries and the same judge during two one-week terms of common pleas court in Sumter County. The appeals involve three separate landowners, one of whose case involved two separate parcels of realty. The actions concerned the right of eminent domain exercised by the South Carolina Department of Highways and Public Transportation, which required the properties for public use. In the case of Cuttino (two tracts) and Dolphin, Inc. verdicts were returned in favor of the landowners but in amounts unsatisfactory to them. In the case of Mooneyham the jury found that the benefits to the land exceeded the detriments and accordingly no money verdict was returned. In each case the landowner moved for a new trial absolute on the ground that the verdict was contrary to the preponderance of the evidence. All of the motions were granted. The highway department has appealed. Inasmuch as all cases involve the same issue, we have consolidated them for the purpose of our ruling.

## MOONEYHAM TRACT

The department required approximately nine-tenths of an acre from a tract of land containing approximately 40 acres. The improvement project required the land to replace an existing 20 ft. dirt road with a 20 ft. paved road, centered in a new 50 ft. right-of-way with ditch work and drainage provided; a curve adjacent to the property was also relocated. The landowner presented an expert appraisal witness who testified that just compensation for the land taken was $1,485.00; the highway department's expert witness valued the same property at $1,350.00. The highway department's expert testified that benefits to the remaining property ex-

ceeded the value of the property taken. The jury obviously agreed. The trial judge refused the landowner's motion for a new trial, but after he granted the motion in the Cuttino case (also here on appeal), he reversed his previous ruling and granted Mooneyham a new trial also, ruling that the verdict was contrary to the fair preponderance of the evidence.

## CUTTINO TRACTS

Cuttino is the owner of two lots of land located at adjacent corners of the intersection of Broad and Folsum Streets in the city of Sumter. The department required 754 square feet in one parcel and 9,458 square feet in the other in order to widen and improve the street. The jury returned two separate verdicts, consistent with the testimony of the highway department's expert witness, in the amounts of $2,158.00 and $3,610.00. Cuttino moved for a new trial. The judge granted the motion, citing that ". . . verdict of the jury is contrary to the fair preponderance of the evidence and that jusice requires that the landowner be granted a new trial."

## DOLPHIN, INC. TRACT

The highway department required a narrow strip, 348.4 feet in length and ranging from 1 foot to 7 feet in width, Dolphin, Inc.'s property used for a car wash business. The jury awarded $3,874.00 for the taking. This taking was required in order to improve and modernize a street in the city of Sumter. The jury found no damage to the remainder of the lot. The award was consistent with expert testimony, which to the jury apparently seemed credible. Dolphin, Inc. moved for a new trial. The trial judge granted the motion ". . . solely upon the ground that the verdict was contrary to the fair preponderance of the evidence. . . ."

All of the orders were of a summary, or conclusionary type; none detailed reasons for granting the relief which was ordered.

In each of the appeals, the highway department submits that the judge abused his discretion by granting the motion and erred by failing to set forth reasons for the court's conclusion that the verdict was contrary to the fair preponderance of the evidence.

We granted the application of the appellant, pursuant to Supreme Court Rule 8, § 10, to argue against decisions found in the cases of *Able v. Young,* 259 S. C. 362, 191 S. E. (2d) 781 (1972), and *South Carolina State Highway Dept. v. Clarkson,* 267 S. C. 121, 226 S. E. (2d) 696 (1976), wherein it is stated that an order of a trial judge granting a new trial on the facts, as thirteenth juror, need not set forth specific findings or reasons to support the order. Briefs of both the appellant and the respondents have been filed with the court.

The authority of the trial judge to grant a new trial is rooted in the statutory law, the common law, and the inherent power of the court. Section 15-27-150, *Code of Laws of South Carolina* (1976), reads as follows:

"New trials.

Circuit courts may grant new trials in cases in which there had been a trial by jury. Such new trials may be granted for reasons for which new trials have usually been granted in the courts of law of this State."

This court has long recognized the authority of the trial judge to sit as the thirteenth juror in the trial of cases, with the duty to see that justice is done in each case. In *South Carolina State Highway Dept. v. Townsend,* 265 S. C. 253, 217 S. E. (2d) 778 (1975), this court said:

"There can be no doubt that a trial judge has the discretionary power to grant a new trial absolute or *nisi* in a law case upon his disapproval of the verdict on factual grounds, and in this role he has been recognized and designated as the thirteenth juror. *Worrell v. South Carolina*

*Power Co.,* 186 S. C. 306, 195 S. E. 638; *Fallon v. Rucks,* 217 S. C. 180, 60 S. E. (2d) 88, and *Cartwright v. Herald Pub. Co.,* 220 S. C. 492, 68 S. E. (2d) 415. In the *Fallon* case, we said that such 'discretion is founded upon the facts, the evidence, the witnesses, the trial circumstances, the verdict and the judge's view of them.'

"In the *Worrell* case we said:

'As has often been said, the trial judge is the thirteenth juror, possessing the veto power to the Nth degree, and, it must be presumed, recognizes and appreciates his responsibility, and exercises the discretion vested in him with fairness and impartiality.' "

While the authority has been generally recognized, and we continue to recognize the same, the application of the rule, the extent of the judge's authority, and the reviewability of the same have become unsettled and murky. We are of the opinion that the trial bench and bar are entitled to a clarification of the inconsistencies of the law. For the guidance of the bench and bar, we will undertake to spell out the authority of the trial judge and to settle the procedures to be used.

The inconsistencies are alluded to in the opinion of Chief Justice Lewis in *South Carolina State Highway Dept. v. Clarkson, supra:*

"Our prior decisions uniformly hold that the granting or denial of a new trial upon the facts rests within the discretion of the trial judge. *Most of our decisions say that such an order is not appealable; some that it is subject to review to determine whether the discretion has been abused.* However, regardless of what might appear to be inconsistencies in the statement of the principles governing appellate review of the exercise of the discretion of the trial judge in such matters, the principle consistently applied in all of cases has been that the decision by the trial judge will not be disturbed

unless his finding is wholly unsupported by the evidence, or the conclusion reached has been controlled by error of law." (Emphasis added.)

The inconsistencies referred to in this quotation grew out of our cases. In *Adams v. Duffie,* 244 S. C. 365, 137 S. E. (2d) 276 (1964), this court said:

"It is clear that the order granting a new trial was based upon a consideration of the evidence and a conclusion therefrom by the trial judge, contrary to that of the jury. It is well settled in this state that the trial judge has the authority and responsibility to grant a new trial when, in his judgment, the verdict of the jury is contrary to the fair preponderance of the evidence and that an order granting a new trial on such ground is not appealable. *Lee v. Kirby,* 243 S. C. 185, 133 S. E. (2d) 127; *Mack v. Frito-Lay, et al.,* 243 S. C. 376, 133 S. E. (2d) 833."

On the other hand, there are cases which clearly infer that an order for new trial based on the facts or evidence is a matter of discretion, subject to review by this court. In *Ford v. A.A.A. Highway Express,* 204 S. C. 433, 29 S. E. (2d) 760, 764 (1944), this court held:

"The principle is well settled in this jurisdiction that the question of granting a new trial on the grounds that the verdict is not supported by the evidence, or is excessive, arbitrary, and capricious, is left to the sound discretion of the trial Judge, who hears the evidence and sees the witnesses, and who is in a much better position than this Court to judge of the righteousness of verdicts. The decision of the trial Judge in such cases will not be disturbed unless his discretion is clearly abused. *Mishoe v. Atlantic Coast Line R. Co.,* 186 S. C. 402, 197 S. E. 97; *Chesser v. Tyger River Pine Co.,* 155 S. C. 356, 152 S. E. 646; *Hall v. Northwestern R. Co. of South Carolina,* 81 S. C. 522, 62 S. E. 848. We find no abuse of discretion."

In *Dent v. Redd,* 270 S. C. 585, 243 S. E. (2d) 460 (1978), this court said:

"This Court will not disturb the trial judge's decision to grant a new trial upon the facts unless his finding is wholly unsupported by the evidence or the conclusion reached was controlled by error of law. . . .

"The record in this case demonstrates that the testimony and evidence are in conflict on the issues of fact. Since the trial judge's finding has support in the evidence, there was no abuse of discretion or error of law committed in granting a new trial. *Clarkson, supra."*

The authority of trial judges to order new trials recognized in this state is one generally recognized by other courts. In 66 C. J. S. *New Trial* § 69 (1950), we find the following:

"As a general rule a motion for a new trial is a proper remedy for raising the objection that a verdict or decision is contrary to, or not sustained by, the evidence. It has been held, however, that no ground of new trial is more carefully scrutinized or more rigidly limited than that the verdict is against the evidence and that the power to set aside a verdict as contrary to the evidence will be exercised with caution. . . ."

When a trial judge grants a new trial outright, or a new trial *nisi,* based on the facts, he undertakes to disagree with and, in effect, repudiate the collective thinking and findings of the jury, whose basic duty it is to evaluate the evidence in every case. The judge exercises a tremendous authority. It should be exercised seldom and with much caution. The judge is not permitted to substitute his judgment for that of the jury. Before the authority to grant a new trial on the grounds that the verdict is contrary to the preponderance of the evidence is exercised, the judge should have a strong conviction that an injustice has occurred. In reaching that

conclusion, he should keep in mind that the credibility of the witnesses is normally for the triers of the fact.

Notwithstanding former rulings of this court, some of which are in agreement and some of which are in conflict with the view we now take, hereafter motions for new trials absolute and new trials *nisi* shall be granted or refused as a matter of discretion by the trial court, which discretion will be subject to review on appeal. This court undertakes to correct errors of law; an abuse of discretion is an error of law. A party should not be subjected to a new trial granted as a result of such error. The drastic nature of the relief granted in such cases demands that a review of the ruling should be available.

Having concluded that such motions and orders involve a matter of discretion reviewable upon appeal, we think that an intelligent review requires an order setting for the factual and legal reasons of the trial judge for granting the motion. Otherwise the court is left to grope in the dark in search of the basis of the order. Orders granting new trials and new trials *nisi* without substantiating reasons may be summarily reversed. While a detailed order should be issued when the motion is granted, a detailing order is not required when such motions are overruled. Orders overruling such motions do not involve drastic action on the part of the judge.

*Able v. Young, supra,* and all cases heretofore holding that the trial judge need not make specific findings or set forth reasons to support orders granting new trials absolute and new trials *nisi* based on the facts should be overruled. Cases heretofore decided by this court holding that such granting of new trials is not appealable should also be overruled.

The evidence in the three cases here on appeal, involving four tracts of land, involved matters strictly for determination by the jury under the evidence submitted. Each of the orders should be reversed and the verdicts of the juries reinstated.