## 21748

John H. LEWIS and Margaret J. Lewis, Respondents, v. SOUTH CAROLINA STATE HIGHWAY DEPARTMENT, County of Greenwood, and City of Greenwood, Appellants.

(293 S. E. (2d) 434)

*Atty. Gen. Daniel R. McLeod* and *Senior Asst. Atty. Gen. John P. Wilson,* Columbia, and *Charles & Charles, and Callison, Dorn & Thomason,* Greenwood, *for appellants.*

*Kenneth C. Porter,* Greenville, *for respondents.*

June 30, 1982.

NESS, Justice:

This is a condemnation case. The Board of Condemnation awarded respondent landowner $750.00 for the taking of approximately .24 acres of land by the South Carolina Highway Department. The Department appealed pursuant to § 57-5-500, Code of Laws of S. C. (1976) on the issue of the amount of the award. The jury awarded respondent $4,000 and the Department again appeals. We affirm.

First, appellant asserts it was error to allow the jury to consider damages done to two lots adjacent to the lot containing the condemned area. The trial court allowed the testimony based on respondent's contention that the three lots in fact constitute one unit parcel containing his residence and uses incidental thereto.

Generally, when the part of a particular tract of land is taken for public use, the owner is not entitled to compensation for damages to separate and independent parcels belonging to him. *S. C. Highway Dept. v. Terrain, Inc.*, 267 S. C. 186, 227 S. E. (2d) 184 (1976). However, if the parcels are in reality one tract, damages to the *entire* tract are recoverable. *Id.* Factors generally to be considered when determining the unity of lands for the purpose of awarding damages are ownership, location and use.

In some instances the court can determine as a matter of law whether the lots are separate or not, "... but ordinarily it is a practical question to be decided by the jury ..." Nichols on Eminent Domain, 3rd Ed., § 14.31, p. 715. Where there is doubt as to use, contiguity, or ownership or where there is conflicting testimony, the court should submit the issues to the jury. *S. C. Highway Dept. v. Terrain, Inc.*, supra.

The record here establishes that respondent's residence is located on the two adjacent lots and that respondent uses the lot containing the condemned .24 acres for gardening. The residence and garden areas here are separated by a private driveway or street.

At trial appellant argued the lots are separate and distinct, purchased at different times, and divided by a public road. Respondent testified that the three lots constitute one unit as his homestead even though divided by a private driveway. In light of the conflicting testimony, we hold the issues were properly submitted to the jury.

Next, appellant asserts the court erred in refusing to allow them to impeach respondent by an alleged prior inconsistent statement. In order to impeach, the party offering the testimony must show that the former testimony is accurate, and must prove its accuracy by legal, competent and proper proof. *State v. Hicks*, 261 S. C. 247, 199 S. E. (2d) 304 (1973); *State v. Lee*, 269 S. C. 421, 237 S. E. (2d) 768 (1977). Here, appellants failed to tender sufficient proof of any prior statement.

Next, appellant contends the trial court erred in refusing to strike *all* of respondent's testimony as to the value of his land since his opinion was not based on fair market value as legally defined.

Appellant cross-examined respondent *extensively* on his opinion as to the value of his land and the damages resulting from the condemnation (Tr. 22-34). From the beginning respondent stated he was not familiar with fair market prices, but that he knew his property and what it was worth to him. Even so, appellant continued to ask questions to ascertain respondent's opinion as to value and damages. Only after extensive cross-examination did appellant move to strike respondent's testimony *in its entirety.*

The lower court refused the motion and instructed the jury as to the correct measure of damages. The court noted that the jury could judge respondent's credibility and disregard his testimony based on the instructions.

We hold that any testimony erroneously admitted was merely cumulative considering appellant's extensive cross-examination as to respondent's valuation of his land and if error was harmless as the court instructed the jury on the proper measure of damages.

Moreover, "a landowner, who is familiar with his property and its value, is allowed to give his or her estimate as to the value of the land or damages thereto, even though the owner be not an expert." *S. C. State Hwy. Dept. v. Wilson,* 254 S. C. 360 at 370, 175 S. E. (2d) 391 (1970). Also see *City of Spartanburg v. Laprinakos,* 267 S. C. 589, 230 S. E. (2d) 443 (1976); West's S. C. Digest, Evidence, Key No. 474(18).

Finally appellant argues the lower court erroneously instructed the jury as to the burden of proof and form of the verdict. However, following appellant's objection the court recharged the jury and gave further instructions. Following his recharge, the trial judge asked:

"The Court: Is that ... does that cure the thing?
"(Appellant's Counsel): Nodded affirmatively.
"The Court: O. K." (Tr. p. 68).

No further exception was taken below, thus, appellant cannot raise it here.

We are unconvinced there was any prejudicial error in the trial below and the judgment of the lower court is accordingly

Affirmed.

LEWIS, C.J., and LITTLEJOHN, GREGORY and HARWELL, JJ., concur.